284 So.2d 60 (1973)
Ruth Hill VEAL
v.
Andrew J. HUTCHINSON and Security Mutual Insurance Company.
No. 5617.
Court of Appeal of Louisiana, Fourth Circuit.
September 26, 1973.
Rehearing Denied November 2, 1973.
Writ Refused December 19, 1973.
Nelson & Nelson, Charles C. Garretson, New Orleans, for plaintiff-appellant.
Deutsch, Kerrigan & Stiles, Frederick R. Bott, New Orleans, for defendants-appellees.
Before SCHOTT, ST. AMANT and LeBRUN, JJ.
SCHOTT, Judge.
Plaintiff has taken this appeal from a dismissal of her death action brought for the loss of her son, Robert Veal, in an automobile collision which occurred on January 13, 1968, at approximately 12:16 AM, on Louisiana Highway 23 in Plaquemines Parish.
The highway where the accident occurred consisted of two lanes running generally north and south. Decedent was operating a 1964 Volkswagen Station Wagon in a northerly direction, and defendant, Andrew Hutchinson, was operating his 1964 Oldsmobile in a southerly direction. The two vehicles came into a head-on collision as they were negotiating a curve to Hutchinson's right and decedent's left. Plaintiff alleged that Hutchinson had crossed the center line and that the impact occurred on decedent's east side of the highway, but in support of her allegations she was unable to produce any witnesses inasmuch as none of the three passengers in decedent's Volkswagen was able to remember anything about the accident, having all been injured and rendered unconscious at the scene, and there were no other witnesses to the accident.
Following the accident both the Volkswagen and the Oldsmobile came to rest on the east side of the highway, and a witness *61 who came upon the scene shortly after the collision found two of the passengers in decedent's car lying on the northbound lane of the highway with parts of vehicles located on the southbound side.
Defendant, Hutchinson, was likewise unable to recall exactly how the accident happened and could not say without equivocation that the accident had happened in his lane of traffic. Defendants did offer the testimony of one Alvin Doyle, who was qualified as an expert automotive consultant and accident investigator and who, on the basis of an investigation made sometime after the accident, concluded that the impact occurred in Hutchinson's southbound lane of traffic and that after the impact his Oldsmobile continued on a straight path across the northbound lane coming to rest on the east side of the highway.
The accident was investigated by State Policeman Kenneth F. Kirby. He was assisted to some extent by Deputy Sheriff Ernest Amos, but Amos could offer no testimony as to findings made by him beyond identification of a number of photographs taken by him of the scene and of the vehicles following the accident. He emphasized that the accident investigation was made under the auspices of Trooper Kirby and that he was only assisting him, and he also explained that while he had made some notes of his findings at the scene these were since lost in Hurricane "Camille." Kirby had died since the date of the accident and plaintiff attempted to place in evidence his report of the accident in order to prove her case. The trial judge maintained an objection to the offer of the report and it is before us in the form of a proffer.
Plaintiff contends that the report should be admitted in evidence in its entirety, or in the alternative that the diagram supposedly drawn by the officer should be admitted, and in the further alternative that the narrative portion of the report in which the officer summarized the manner in which the accident occurred should be admitted.
The diagram made by the officer locates the point of impact in the middle of decedent's northbound lane of traffic. The officer's narrative states:
"The operator of vehicle 2 (Hutchinson), heading South at a high rate of speed apparently fell asleep on a straight stretch of roadway, the roadway then made a shallow (illegible word) turn to the right. Veh. 2 continued on straight, the left front coming into collision with the left side of Vehicle 1 . . . ."
Plaintiff contends that had this report, or at least one or both of those portions referred to above, been admitted into evidence a judgment in her favor would be compelled.
There can be no doubt that the police report and its parts must be considered hearsay evidence. In the discussion contained in 29 AmJur 2d, Evidence § 493, reference is made to Rule 501 of the Model Code of Evidence of the American Law Institute, which provides the following definition of hearsay:
"A hearsay statement is a statement of which evidence is offered as tending to prove the truth of the matter intended to be asserted or assumed to be so intended except a statement made by a witness in the process of testifying at the present trial or contained in a deposition or other record of testimony taken and recorded pursuant to law for use at the present trial."
This may be simplified and paraphrased by defining hearsay as a statement which is offered in evidence to prove the truth of the matters therein stated, but which is not made by the author when a witness before the Court at the particular trial in which it is so offered.
The fundamental underlying reason for the rule excluding hearsay evidence is *62 that a party is entitled to be confronted by an adverse witness and is entitled to cross examine him. If a statement made by a witness outside of the courtroom is admitted into evidence to prove the truth of the statement, the party is powerless to protect himself by cross-examination of that witness. Of course there are many exceptions to the hearsay rule, such as res gestae, statements against interest, dying declarations, and many others, but none of these are applicable to the instant case.
The principal reason for excluding any police report is that it is hearsay, but there is still another reason for excluding the report and the two selected portions thereof in the instant case because not only do they contain what purport to be the officer's findings of fact based on his observations at the scene of the accident but they also contain his opinions or conclusions drawn from those observations such as the location of the point of impact and the fact that Hutchinson fell asleep and was traveling at a high speed. It would work great injustice on the defendants to be confronted with these conclusions and be completely powerless to cross examine their author.
But plaintiff argues that this is a highly unusual case and should admit of an exception to the general rules of evidence in that there is no live witness to this accident who can recall just what happened. She stresses that the occupants of the decedent's automobile and the driver of defendant's automobile were all unable to remember what happened and that the report of the deceased police officer is the only evidence which can enlighten the Court as to the facts. But it has been said that hard cases made bad law,[1] and while the result seems harsh under the circumstances at hand the introduction of the police report in this case could give rise to the introduction of otherwise inadmissible evidence in many cases and under a variety of circumstances. Whenever a key witness is found to have died between the date of an accident and the date of a trial it could be argued that his written memorandum or statement of what happened should be admitted under the circumstances. The injustice which could result from such relaxation of the basic rule of hearsay evidence becomes obvious.
Our decision here is consistent with that of DeVille v. Aetna Insurance Company, 191 So.2d 324 (La.App.3rd Cir. 1966) in which an attempt was made to admit a police report in evidence where the officer had died after making the investigation and before trial and where the following was stated:
"It is an out-of-court statement made by Officers Landry and Abshire, neither of whom is now in court, under oath, and available for cross-examination. This report, like many such reports, is particularly objectionable under the hearsay rule because it obviously contains conclusions and opinions of the officers formed from talking to other witnesses. This is hearsay compounded."
The same can be said of the instant case, and accordingly the trial judge correctly maintained the objection to the admissibility of the report in full as well as the parts designated by plaintiff.
Accordingly the judgment is affirmed with the plaintiff to pay the cost of this appeal.
Affirmed.
NOTES
[1] In the case of United States v. Mitchell, 403 U.S. 190, 91 S.Ct. 1763, 29 L.Ed.2d 406. Justice Blackmun observed the following "Of course, as Baron Rolfe long ago observed, hard cases `are apt to introduce bad law.' Citing Winterbottom v. Wright, 10 M & W 109, 116, 152 Eng.Rep. 402, 406 (1842)"