SCHOTT, Judge.
Plaintiff appeals from a dismissal of his suit for damages resulting from an automobile accident which occurred on the night of July 27, 1968, at Airline Highway and Live Oak Street in New Orleans.
The evidence on liability consisted only of the testimony of plaintiff and a letter from the Traffic Court of the City of New Orleans. We have not considered a police report which is attached to the record as a result of a proffer by plaintiff. Defendants’ objection to the introduction in evidence of this report was properly maintained by the trial judge. Veal v. Hutchinson, 284 So.2d 60 (La.App. 4th Cir. 1973), writ denied, La., 286 So.2d 662.
Plaintiff testified that he had been proceeding east on the Airline Highway and came to a stop at Live Oak Street preparatory to making a U turn through the neutral ground. After waiting for traffic proceeding west on the highway he proceeded with his turn and as he “was *384 getting into the turn” he was hit by ‘some unknown object.” At no time did he see what hit his automobile, and after the impact he was rendered unconscious. By his own admission, .the impact took place before plaintiff completed his turning movement.
The letter from the Traffic Court is dated January 21, 1971, and says only that “Mr. Ernest B. Sloan pleaded guilty on August 8, 1968,” to driving while intoxicated and no operator’s license. The letter does not even identify this guilty plea with the accident involved in this lawsuit.
Plaintiff failed to carry the burden of proof. Aside from the fact that there is no evidence to connect the defendants with the accident, plaintiffs own testimony shows that he was negligent in leaving a stopped position from the neutral ground when it was unsafe to do so and in failing to see what he should have seen, namely, the object which hit him while he was still in the process of making a U turn on the highway.
Accordingly, the judgment appealed from is affirmed at plaintiff’s costs.
Affirmed.