298 So.2d 282 (1974)
Augustine W. ROBINSON, Plaintiff-Appellant,
v.
ST. PAUL FIRE & MARINE INSURANCE COMPANY, Defendant-Appellee.
No. 9891.
Court of Appeal of Louisiana, First Circuit.
June 28, 1974.
Rehearing Denied August 14, 1974.
Writ Refused October 24, 1974.
*283 John Wayne Jewell, New Roads, and Robert J. David, New Orleans, for plaintiff-appellant.
Wm. C. Kaufman, III, Baton Rouge, for defendant-appellee.
Before SARTIN, BAILES and VERON, JJ.
SARTAIN, Judge.
This litigation concerns a two-vehicle collision involving a 1967 Chevrolet operated by the plaintiff and a dump truck operated by the Pointe Coupee Parish Police Jury and insured by the St. Paul Fire & Marine Insurance Company, the latter being the only named defendant in this suit.
At approximately 1:30 p. m. on September 10, 1970, Augustine W. Robinson was operating her automobile in an easterly direction on a two-lane gravel road within the Parish of Pointe Coupee, known as Normandy Lane. She was traveling to the home of Carrie Shelbia who was a passenger in her vehicle at the time and who had been employed that morning in the plaintiff's home as a nurse. Approaching in the opposite direction on this clear, dry day was a 1962 Ford one-half ton dump truck operated by Henry T. Brooks, an employee of the Police Jury, who was returning from a job to the highway barn to pick up a trailer.
At the point of the collision, there is a sharp curve on the south side of the road, or to the right of Mrs. Robinson's lane of travel. Thus, while passing through the curve, her lane was inside and the truck driven by Brooks occupied the outside lane. An embankment, or hill, some two feet high bordered the shoulder of the road to plaintiff's right; vision around the curve was further obscured by weeds covering the top of the embankment and a tree also sat in the curve several feet off of the roadway.
It appears that both vehicles entered the curve at moderate rates of speed with neither exceeding 20 to 25 m. p. h. As they passed in the curve, they collided, each vehicle being damaged in its left rear fender or wheel area. The plaintiff's vehicle came to rest up on the south embankment, just short of the tree. Brooks was able to bring the truck to a controlled stop a short distance down the road on its right shoulder.
The plaintiff contends that she entered the curve entirely within her own lane of travel and that she met the dump truck in the curve as it was encroaching in her lane. Further, that she avoided a head-on collision only by pulling to the right and up the embankment but that, despite her efforts, she was struck on the left rear fender, as a result of which she suffered property damage and personal injuries.
*284 The defense maintains that the point of collision was in Brooks' west-bound lane, where he remained at all times, never crossing the unmarked center of the road. They argue that, as the two vehicles approached each other, the plaintiff's auto suddenly began skidding in a clockwise manner and that its left rear struck the dump truck as Brooks was attempting to get it off the road to the right to avoid her.
Immediately after the accident, Brooks spoke briefly to the plaintiff and her passenger and then went in his truck to the highway barn where he met his supervisor, Sidney Lee Carroll, and they reported the accident to the Louisiana State Police. Thereafter, he and Carroll returned to the scene of the collision and were present when the accident was investigated by Trooper Eddie J. Bordelon. Unfortunately, that officer died prior to the trial of this matter.
By the consent of the parties, the case was heard in the district court on the question of liability only and judgment was thereafter rendered in favor of the defendant, dismissing plaintiff's suit. We conclude that that judgment must be reversed.
Only the plaintiff, her passenger, and Brooks saw this accident happen. Mrs. Robinson and Mrs. Shelbia positively testified at the trial, and on deposition, that Brooks was in their lane of travel as they approached each other in the moment immediately preceding the accident and that, were it not for the plaintiff's evasive action, a head-on collision would have ensued in the east-bound lane. They further testified that just after the accident, Brooks stated that he "was sorry this had happened" and "not to worry" because "we have insurance that will fix your car". Brooks candidly admitted that he had made such remarks. We find that the record contains no admissible evidence which would discredit the testimony of the plaintiff and her witness.
In addition to the testimony of Brooks, the defense relies upon certain physical facts, particularly skidmarks and track marks allegedly left by both vehicles, which were supposedly present when the accident was investigated and they have also introduced, by way of an offer of proof, a certified copy of the accident report made by Trooper Bordelon at the scene.
Viewed as a whole, we find that the physical facts are contradictory and inconclusive as to which was the encroaching vehicle. Any evidence received as to skidmarks left by plaintiff's auto on this gravel road must be given a bare minimum of weight, as the evidence is uncontradicted that at least three cars passed on the road, through the scene of the accident, while Mrs. Robinson and Mrs. Shelbia waited for the officer to arrive. The passage of those vehicles would undoubtedly obliterate or distort any tire marks which might have been made by the Chevrolet. Additionally, although Brooks certainly took proper action under the circumstances in leaving to call the State Police, it did necessitate his removing the truck from its final position, which would have had some effect in the reconstruction of this accident.
As for the accident report made by Trooper Bordelon, it is the well settled law of this state that where the person making such a report is deceased or otherwise unavailable for cross-examination, the report is inadmissible as hearsay. It was, therefore, properly excluded by the trial judge. See Deville v. Aetna Insurance Co., 191 So.2d 324 (La.App., 3rd Cir., 1966) writ refused, 250 La. 13, 193 So.2d 527 (1967); Veal v. Hutchinson, 284 So.2d 60 (La.App., 4th Cir., 1973), writ refused La., 286 So.2d 662.
As stated in Deville, supra:
"With this understanding of the statutory law, we think the certified copy of the accident report in the present case is objectionable as hearsay. It is an out-of-court statement made by Officers Landry and Abshire, neither of whom is now in court, under oath, and available *285 for cross-examination. This report, like many such reports, is particularly objectionable under the hearsay rule because it obviously contains conclusions and opinions of the officers formed from talking to other witnesses. This is hearsay compounded."
Lacking any admissible physical evidence that would discredit the testimony of the plaintiff and her passenger, and when their testimony is viewed with those statements made by Brooks immediately after the accident, we conclude that the plaintiff has proven her case as to the defendant's liability by a preponderance of the evidence and that the defendant has failed to establish any contributory negligence on the part of Mrs. Robinson. The decision of the trial court is, therefore, reversed. The costs of these proceedings are assessed against St. Paul Fire & Marine Insurance Company, appellee.
Reversed and rendered.