STOULIG, Judge.
Defendant, B & R Fences, Inc., obtained a judgment of $1,170.39, representing the balance due plaintiff, DiMaria Insurance Agency, Inc., on two insurance policies purchased by defendant. It is conceded plaintiff, an insurance broker, obtained for defendant a workmen’s compensation liability policy and a multi-peril liability policy covering the period January 12, 1977 through January 12, 1978. Further the litigants agree that the policy premiums and payments are as follows:
Premium, workmen’s compensation policy
Less discount 211.00 $3,028.00
Premium, multi-peril policy 1.791.00
Total premiums payable 4,819.00
Less payments of $619.00 and
$624.06 1.243.06
$3,575.94
The policies were cancelled six months after they were written because defendant, after repeated requests for payments, still refused to pay the premiums. Under the policies the total credit due defendant on both premiums is to be determined after an audit.
President Joseph DiMaria testified an auditor with Zurich Insurance Company, the insurer, determined credits of $986.00 and $1,216.00 were due on the multi-peril and the compensation policies, respectively. Defendant’s counsel objected to this hearsay evidence, however, the trial court improperly admitted and considered DiMaria’s testimony on the credits, presumably on the theory it was a business record of the broker. The auditor was not employed by plaintiff and the audit was not conducted under DiMaria’s supervision; therefore, it is inadmissible as hearsay. This report is an extrajudicial statement offered to prove the truth of the matter; however, it is not reliable evidence because the auditor who compiled the report was not before the court, had not been sworn and was not available for cross-examination. Lambert v. Heirs of Adams, 325 So.2d 331 (La.App. 3d Cir. 1975).[1] The record reflects that the litigants admit the audit is required and that plaintiff failed to prove by competent evidence the extent of credit the audit indicates should be given to defendant.
Even if we were to concede that the credit is correct, we cannot reconcile the judgment amount with the figures given by plaintiff’s president, Joseph DiMaria. Our prior computation shows a net premium claim of $3,575.94. It we deduct the credit allowed by plaintiff of $2,202.00 (without conceding its correctness), we show a balance due of $1,373.94. Additionally Mr. Di- *60 Maria claims $318.51 of the $1,170.39 demanded in the petition is interest, and if this were deducted, there would only be an unpaid premium claim of $752.88. This court cannot compute these figures to balance with plaintiff’s claim.
Therefore we remand this matter to permit plaintiff to present evidence to establish the audit result and afford defendant the opportunity to challenge it. Further the confused accounting should be clarified so that the account can be reconciled, no matter what result is reached.
For the reasons assigned the judgment appealed from is annulled and this matter is remanded for further proceedings consistent with the views herein expressed.

ANNULLED AND REMANDED.

. For application of the hearsay rule, see Robinson v. St. Paul Fire & Marine Insurance Co., 298 So.2d 282 (La.App. 1st Cir. 1974); Ordonez v. Maryland Casualty Company, 312 So.2d 875 (La.App. 4th Cir. 1975).