424 So.2d 1214 (1982)
Nat SANTANGELO and Karen Santangelo
v.
CAPITOL HOME PLANNERS and Harry J. Guillory.
No. 82-CA-0350.
Court of Appeal of Louisiana, First Circuit.
December 21, 1982.
Paula Cobb, Baton Rouge, for appellants (plaintiffs).
William T. Adcock, Baton Rouge, for appellees (defendants).
Before EDWARDS, WATKINS and SHORTESS, JJ.
EDWARDS, Judge.
Mr. and Mrs. Santangelo, plaintiffs, sued Capitol Home Planners and its owner, Harry *1215 J. Guillory, for damages allegedly caused by faulty house plans drawn by Guillory. At the close of plaintiffs' case, the lower court granted defendants' motion for a directed verdict and dismissed plaintiffs' suit for failure to prove damages.
On appeal, Santangelo urges the trial judge erred in excluding a bill from evidence as inadmissible hearsay. Additionally, appellants contend that the judge should have considered plaintiffs' uncontradicted testimony as sufficient proof of damages. We affirm.

BACKGROUND FACTS
Plaintiffs hired Guillory, a house designer, to make certain modifications to a set of house plans which plaintiffs had purchased from a third party. During construction of the house under the modified plans, several discrepancies were discovered which necessitated the reconstruction of the utility room, patio railings, pantry door and flower planters. Plaintiffs sued Guillory, asserting that the discrepancies were caused by his alleged faulty modifications of their house plans.

HEARSAY EVIDENCE
Plaintiffs contend the trial judge erred in excluding from evidence a bill from Mr. Brewer, plaintiffs' contractor. During his testimony, Mr. Santangelo attempted to read the bill into evidence, at which time defendants made an objection of hearsay evidence. Prior to this point, Mr. Santangelo had not testified he paid the bill or that it was incurred because of defendants' alleged faulty house designs. The trial judge sustained the objection, ruling that admission of the bill into evidence would deny the defendants the right of cross-examining Brewer, who was not present at trial.
Hearsay evidence is a statement which is offered in evidence to prove the truth of a matter stated therein, but which is not made by the author as a witness before the court at the particular trial. Veal v. Hutchinson, 284 So.2d 60 (La.App. 4th Cir.), cert. denied, 286 So.2d 662 (La.1973). As stated by the court in Veal:
"The fundamental underlying reason for the rule excluding hearsay evidence is that a party is entitled to be confronted by an adverse witness and is entitled to cross examine him. If a statement made by a witness outside of the courtroom is admitted into evidence to prove the truth of the statement, the party is powerless to protect himself by cross-examination of that witness." 284 So.2d at 61.
The bill offered by the plaintiffs clearly falls within the definition of hearsay and the rationale for excluding such evidence. We find no error by the trial judge in sustaining the objection.

PROOF OF DAMAGES
Plaintiffs additionally contend that the trial judge should have considered Mr. Santangelo's uncontradicted testimony as sufficient proof of damages. The only evidence offered at trial pertaining to plaintiffs' damages was the testimony of Mr. Santangelo as to amounts paid Mr. Brewer and others for the reconstruction work.
In a civil proceeding, the plaintiff has the burden of proving his case by a preponderance of the evidence. In granting defendants' motion for directed verdict, the trial judge ruled the plaintiffs failed to carry their burden of proof in establishing damages. Our examination of the record reveals no error in the lower court's conclusion. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).

DECREE
Based on the foregoing reasons, we affirm the judgment of the lower court at plaintiffs' costs.
AFFIRMED.