WATKINS, Judge.
Plaintiff, Theodore J. Jemison, Jr., filed suit against defendant, Isaac B. Greggs, for return of the purchase price and other damages when an automobile which defendant sold to plaintiff turned out to be stolen. The trial court awarded plaintiff $17,830.50 and defendant appeals.
Defendant, who is director of bands at Southern University, testified that after performing a concert in Chicago in 1978, he was approached by an individual who claimed to be a used car dealer. This person showed defendant a silver Mercedes Benz and told defendant that he could supply him with one for $14,700.00. Defendant indicated that he was interested and the “dealer” agreed to contact him when one was available.
About three months later, defendant received a telephone call from the “dealer” who advised him that a car was available. Defendant indicated that he was still interested and shortly thereafter a brown 1978 Mercedes Benz 450 SL was delivered to defendant at his home in Baton Rouge. The automobile was left with defendant together with Illinois registration papers and a bill of sale in defendant’s name. Defendant testified that his signature on the bill of sale had been forged.
Defendant decided that he did not want the brown Mercedes, so he contacted plaintiff and offered to sell him the car for $14,700.00. In order to secure funds for the purchase, plaintiff obtained a loan from *185 Fidelity National Bank in Baton Rouge. Defendant and plaintiff went to the bank where the transfer papers were signed.
The Mercedes was later found to be stolen and was seized by law enforcement agents. Defendant returned $6,000.00 of the purchase price to plaintiff but refused to make any further payments. Plaintiff later acquired the car from the true owner.
The trial court awarded plaintiff $17,-830.50. Damages were itemized as $14,-700.00 for the purchase price, $885.97 for tax and license, and $8,244.53 in interest on the loan less the $6,000.00 which defendant returned to plaintiff.
In his first specification of error, defendant contends that the trial court erred in finding that he was the seller of the automobile and not merely a “party interposed”. Defendant also contends that the trial court erred in failing to conclude that plaintiff purchased the car at his own risk and peril.
We cannot agree with defendant’s first contention. The testimony at trial shows that at all times defendant acted as owner of the car. There is no testimony in the record indicating that defendant informed plaintiff that he was acting on behalf of another party. Defendant testified that he delivered the registration papers and bill of sale, both of which were in his name, to plaintiff at the time of the sale. Plaintiff testified that he dealt only with defendant and never spoke to any other person about the sale.
We also find no merit to defendant’s contention that plaintiff purchased the automobile at his own risk and peril. Defendant claims that because plaintiff was an automobile salesman he should have been aware of any defects in the title and that Civil Code Article 2505[1] therefore applies.
We find that Article 2505 is not applicable. There was no testimony indicating the plaintiff waived the warranty or that he had any knowledge of defects in the title. Further, defendant testified that although his signature on the original bill of sale was forged he did not inform plaintiff of this fact.
Defendant next contends that the trial court erred in awarding plaintiff the interest paid on the loan which plaintiff obtained to purchase the automobile. Defendant argues that the loan was an independent undertaking by plaintiff over which defendant had no control.
Civil Code Article 2501 defines the vendor’s warranty against eviction:
“Although at the time of the sale no stipulations have been made respecting the warranty, the seller is obliged, of course, to warrant the buyer against the eviction suffered by him from the totality or part of the thing sold, and against the charges claimed on such thing, which were not declared at the time of the sale.”
Article 2506 provides for damages in the event of eviction:
“When there is a promise of warranty, or when no stipulation was made on that subject, if the buyer be evicted, he has a right to claim against the seller:
1. The restitution of the price.
2. That of the fruits or revenues, when he is obliged to return them to the owner who evicts him.
3. All the costs occasioned, either by the suit in warranty on the part of the buyer, or by that brought by the original plaintiff.
4. The damages, when he has suffered any, besides the price that he has paid.”
We conclude that plaintiff is entitled to recover the interest paid on the loan under subsection (4) of Article 2506. Plaintiff testified that he obtained the loan in order to purchase the automobile. Additionally, defendant testified that he accompanied plaintiff to the bank and. was aware that *186 plaintiff had to obtain a loan in order to purchase the car.
In a redhibition action, the buyer may recover from the seller finance charges incidental to the purchase price as an expense of the sale. Smith v. Max Thieme Chevrolet Company, Inc., 315 So.2d 82 (La.App. 2nd Cir.1975). We can see no reason why finance charges cannot also be recovered in an action for breach of the warranty against eviction.
We also find no error in the trial court’s calculation of the interest paid on the loan. Dudley McElveen, a senior vice-president in commercial loans for Fidelity National Bank, testified that the interest paid on the loan up to December 7, 1982, the date of trial, was $8,244.53. Defendant offered no evidence to contradict this testimony.
Defendant next argues that the trial court erred in excluding as hearsay statements made by the unidentified “dealer” to defendant during initial negotiations for the purchase of the car. Defendant contends that the statements were not offered to prove the truth of the matters asserted therein and were highly relevant.
Hearsay evidence is testimony in court, or written evidence, of a statement made out of court, the statement being offered as an assertion to show the truth of the matters asserted therein, and thus resting for its value upon the credibility of the out-of-court asserter. Veal v. Hutchinson, 284 So.2d 60 (La.App. 4th Cir.1973), writ denied, 286 So.2d 662 (La.1973). The trial court permitted defendant to proffer the testimony in question. We have examined the proffered testimony and find no error in the trial court’s conclusion that the statements were offered to prove the truth of the matters asserted. Further, we fail to see how the statements made by the unknown seller to defendant would have any relevance in an action between plaintiff and defendant.
In his final specification of error defendant contends that the trial court erred in failing to render judgment on his reconventional demand for the $6,000.00 of the purchase price he returned to plaintiff. The trial court found that defendant was indebted to plaintiff for the return of the purchase price and allowed defendant a credit for the $6,000.00 paid to plaintiff. We find no error in the trial court’s determination.
For the foregoing reasons, the judgment of the trial court is affirmed. All costs of this appeal are assessed against defendant-appellant.
AFFIRMED.

. “Even in case of stipulation of no warranty, the seller, in case of eviction, is liable to a restitution of the price, unless the buyer was aware, at the time of the sale, of the danger of the eviction, and purchased at his peril and risk.”