451 So.2d 638 (1984)
TRIANGLE TRUCKING CO., Plaintiff-Appellee,
v.
Victor ALEXANDER, Jr., et al., Defendant-Appellant.
No. 83-575.
Court of Appeal of Louisiana, Third Circuit.
May 16, 1984.
*639 John L. Olivier, of Olivier & Brinkhaus, Sunset, for defendant-appellant.
McHugh & Guidry, George W. McHugh, Jr., St. Martinville, for plaintiff-appellee.
Nevils & McInnis, Richard B. Nevils, Baton Rouge, for defendants-appellees.
Before FORET, LABORDE and YELVERTON, JJ.
LABORDE, Judge.
This case was consolidated for trial and appeal with No. 83-576 on our docket, entitled Tauzin v. Broussard, in which a separate judgment and opinion is being rendered by us this date, 451 So.2d 643.
These companion cases arise out of a vehicular collision involving three automobiles and a truck. Plaintiffs are Triangle Trucking Company, J.C. Tauzin and his insurer, Louisiana Farm Bureau Insurance Company. The defendants are Ozeme Broussard, Victor Alexander, Jr. and the latter's insurers. Plaintiffs, J.C. Tauzin and Triangle Trucking Company, were awarded damages after proving that defendants *640 were negligent, except that Triangle Trucking Company, through its truck driver, Kenneth Belaire, was found to be contributorily negligent to the extent of fifteen percent (15%). Defendant, Ozeme Broussard, appeals from this judgment contending that Triangle Trucking Company is solely liable for all damages resulting from the sole contributory negligence of the truck driver, Belaire. Considering that the trial court did not commit manifest error, nor abuse its discretion in arriving at the factual determinations and apportionment of fault to the parties, we affirm.

FACTS
On March 22, 1981, at approximately 1:30 a.m., the party litigants to this case and its companion were involved in a multi-vehicular collision. Victor Alexander, Jr., defendant, made a left turn from Highway 354 onto Highway 31 as Ozeme Broussard, defendant, approached the intersection from the opposite direction. Broussard recognized Alexander's car and signaled for Alexander to stop as they slowly approached each other from opposite directions. The two cars came to a complete stop, side by side, in their respective lanes of travel, on Highway 31, between the towns of Arnaudville and Cecilia. Alexander was facing north, and Broussard south, while they engaged in conversation through their windows. Broussard claims that he stopped Alexander to inquire about a relative. The vehicles were situated nearly one hundred twenty-five (125) feet from the intersection of Highways 31 and 354. Broussard alleges that he intended to negotiate a right turn onto Highway 354. It is disputed whether Broussard and Alexander had begun to pull away from their stopped positions when the accident occurred. The trial court found that they were completely stopped at the moment of impact.
Kenneth J. Belaire is the employee-driver of the involved truck, which was owned by Triangle Trucking Company. Belaire was proceeding south on Highway 31 when he noticed the dim tail lights of the Broussard car and the headlights of the Alexander car. Based on the imagery and effect of the lights, he assumed that the cars were in motion, whereupon he continued at a moderate speed. However, upon immediate approach from the rear of the Broussard car, he realized that the Broussard car was completely stopped. Being unable to bring his truck to an immediate halt, he collided with the right rear of the Broussard car. The Alexander car immediately pulled away and was unharmed. The momentum of Belaire's truck coupled with the effect of the collision carried his truck into a nearby parking lot where he collided with a second vehicle belonging to plaintiff, J.C. Tauzin. The Tauzin vehicle was parked, clearly free of any parking violation or driver negligence.
J.C. Tauzin and his insurer, Louisiana Farm Bureau, filed suit in the companion case against Broussard, Alexander and his insurers for $1,758.58 representing the undisputed damages to his vehicle. Likewise, Triangle Trucking Company (owner of Belaire's truck) sued Broussard and Alexander for $37,000 representing damages. Alexander and Broussard answered Triangle's claim, alleging that Belaire was solely responsible for the accident and that Triangle should bear all costs for damages resulting from the contributory negligence of its employee, Belaire.
The trial court found Alexander and Broussard negligent, and Belaire contributorily negligent. Judgment was rendered against defendants, Broussard and Alexander, subject to a reduction of the proportionate negligence of Belaire. The assigned percentages of fault assessed against each party for their respective negligence is as follows:

 Ozeme Broussard 50%
 Victor Alexander 35%
 Kenneth J. Belaire 15%

Defendant, Broussard, alleges four specifications of error which present the following issues on appeal:
1) Whether the trial court erred in determining the negligence of the parties *641 and apportionment of fault under LSA-C.C. art. 2323, and;
2) Whether Triangle Trucking Company presented sufficient evidence to satisfy its burden of proof for recovery of damages representing loss of income or "down time".

ISSUE # 1: NEGLIGENCE AND APPORTIONMENT OF FAULT UNDER LSA-C.C. ART. 2323
Broussard argues that the trial court erred when it failed to hold Belaire, driver of Triangle's truck, solely negligent for causing the accident, or alternatively, that Belaire was contributorily negligent to an extent greater than fifteen percent (15%). Additionally, that defendant, Broussard, was not negligent and that Triangle Trucking Company failed to present sufficient evidence at trial to carry its burden of proof for recovery. The demands by J.C. Tauzin are not disputed by Broussard, except that Triangle Trucking Company rather than defendants, is solely liable for Tauzin's damages.
At the outset, we note that the evidence preponderates, and for the most part conclusively indicates, that Triangle Trucking Company, Broussard and Alexander are comparatively at fault, in this instance, since their competing acts of negligence were all causally related and contributed to the occurring accident. The proper determination and apportionment of fault, however, is not based on the comparison of legal causation, but upon the degree of negligence attributable to the parties involved. See, Pearson, Apportionment of Losses Under Comparative Fault Laws An Analysis of the Alternatives, 40 La.L. Rev. 343 (1980).
Broussard alleges that Belaire is solely negligent and correctly cites Eubanks v. Brasseal, 310 So.2d 550 (La.1975), for the proposition that a following motorist who strikes a preceding motorist from the rear has the burden to exonerate himself from liability. Nevertheless, Triangle Trucking Company's case-in-chief, as well as all remaining evidence, supports the trial court holding that Broussard and Alexander were negligent to a greater extent than Kenneth J. Belaire. It is inescapable that Broussard and Alexander created the situation which placed themselves and Belaire in peril. Belaire's substandard reaction to the situation by failing to maintain a proper outlook for a preceding motorist should not constitute grounds for sole liability, in this instance. The accident was set in motion by the substandard behavior of defendants, Broussard and Alexander, who negligently positioned themselves in the path of ongoing traffic. Triangle Trucking Company has carried its burden of exonerating itself from "sole" liability for the accident, in this instance.
There are several competing acts of negligence which we must consider, as did the trial court, in determining the apportionment of fault. Alexander and Broussard are at fault to some extent for negligently stopping to converse on the highway. But for their stopping on the highway, the accident would not have occurred. They owed a duty to traveling motorists not to unreasonably impede or obstruct the free movement of traffic. The duty of a motorist not to impede traffic by stopping his vehicle at 1:30 a.m. in a lane of travel for no justifiable reason, encompasses the risk that an oncoming motorist will not expect such a situation and collide with him. This duty was breached by both Broussard and Alexander, since the scope of this duty encompassed the risks of harm from which both Belaire and Tauzin suffered. They should therefore be held liable for their contributing fault in this case. Moreover, Broussard's negligence is conceivably greater than Alexander's or Belaire's, since it was at his instance that the hazardous condition was initiated. Further, Broussard failed to observe that there was oncoming traffic behind him, namely Belaire. Likewise, Alexander had a duty to disregard Broussard's request to stop and to continue his course of travel. The highways are not appropriate places to stop and converse from one's vehicle.
*642 Additionally, Belaire owed a duty to all preceding motorists to maintain a proper outlook for peril ahead and to follow at a safe speed within adequate following distance. This duty encompassed the risk that an inattentive driver, following a preceding motorist too closely, may inadvertantly collide with the rear of the preceding car causing harm to himself as well as others. The facts of the instant case clearly provide that Belaire breached this duty which he owed to Broussard, a preceding motorist. He was therefore negligent.
The competing and compounding acts of negligence of the parties resulted in the accident. Justice and equity mandate that fault cannot be placed upon any single party in this instance, since all were negligent to some varying degree. This case can best be resolved, as did the trial court, by the apportionment of fault to the parties pursuant to LSA-C.C. art. 2323.
In Sampy v. Roy Young, Inc., 425 So.2d 284 (3rd Cir.1982), this court pretermitted the question of whether the assessment of percentages of fault is a legal or factual matter. We now hold that a trier's findings, as to percentages of fault under LSA-C.C. art. 2323, is factual, just as findings of contributory negligence under the old law were factual. Varnado v. Continental Insurance Company, 446 So.2d 1343 (1st Cir.1984); Johnson, Comparative Negligence and the Duty/Risk Analysis, 40 La.L.Rev. 319 (1980).
It is established that we may not disturb a trial court's findings and conclusions of fact in the absence of clear or manifest error, or abuse of discretion. Canter v. Koehring Company, 283 So.2d 716 (La. 1973); Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). It is clear from the trial court's oral reasons for judgment and the evidence presented that there is no manifest error in his factual determinations and application of the applicable law regarding the apportionment of fault to the parties. Accordingly, the trial court's factual findings and apportionment of fault must be upheld on appeal.

SPECIFICATION OF ERROR NO. 3
In an award to Triangle Trucking Company for damages to its truck and loss of income, the trial court stated:
"Now, with regard to the claim of Triangle TruckingTriangle Trucking's claim, no dispute as to property damages, five hundred dollars ($500.00). I have a lot of difficulty with the loss of income or down time from the vehicle. Now, Mr. Nevils argues well that all we have is the uncorroborated testimony of Mr. Benoit. But, we all know he had a loss. And, I really don't think the ends of justice would be served if I concluded that he wasn't entitled to anything for that. And, this is the way I have chosen to handle it equitably. I will take his testimony in a light most favorable to Mr. Alexander and Mr. Broussard. He testified that his truck was down for fifty-four (54) days, that every other weekend, the truck was not running. We can have at the most eight (8) weekends in fifty-four (54) days. So, we'll take four that's eight days. That leaves us with forty-six (46). Now the truck would run at least two days with one day off, at least; probably more. But, as I say, I think I must take that testimony in a light most favorable to the defendants. I divided forty-six (46) by three (3). I get 15.33. I mean, that's 15.33 which leaves us 30.66 or rounding off, thirty-one (31) working days out of fifty-four (54) for the truck. At a net of two hundred and seventy dollars ($270.00) a day, that's eight thousand three hundred and seventy dollars ($8,370.00). Coupled with the five hundred, that's eight thousand eight hundred and seventy dollars ($8,870.00). Now, I'll say this: that if Counsel for Mr. Broussard or Mr. Alexander apply for a new trial timely on the basis that his loss was not that much and that the documentary evidence would prove thatthe records of Patterson Truck Line or whateverI will grant a retrial on that issue in fairness to them. However, even if Mr. McHugh can prove that it's more than that, I will not. I think *643 that's basic fairness in a situation like this."
Defendant, Broussard, argues that the trial court erroneously awarded the above damages for loss of income based on the sole testimony of Mr. Benoit, the owner of Triangle Trucking Company. We disagree.
Repair estimates and receipts in the record corroborate the fact that the truck was out of service for the extent of time determined by the trial court. The testimony of Mr. Benoit constitutes direct and best evidence from a person with firsthand knowledge as to the daily income generated by the truck. The trial judge attributed substantial weight to Mr. Benoit's testimony and properly based the award on such. Defendants failed to contest or question the veracity of Mr. Benoit's testimony, leaving the same uncontradicted. We find no abuse by the trial court's reliance upon the sole testimony of Mr. Benoit in making the award. We find that, more likely than not, Triangle Trucking Company suffered the damages as accounted for by Mr. Benoit, the owner. This evidence, although slight, satisfies plaintiff's burden of proof, i.e., by preponderance of the evidence. Further, we find the trial court's calculations in arriving at the awarded sum for "down time" to be most conservative. This provides for equity and fairness.
The defendant did not move for a "retrial" on the element of damages for which the trial court made available. The trial court willingly offered to hear further evidence on the matter from defendants in order to allow fairness. At this point, it was incumbent upon the defendants to rebut the alleged damages since plaintiff, Triangle Trucking Company had made a credible showing of loss for "down time" by Mr. Benoit's testimony. Defendant did not avail himself of such opportunity and now complains on appeal. We hold that the trial court properly arrived at the damage award and did not abuse its discretion in this determination. We find that the cases cited by defendant are inapplicable to the instant case insofar as the cited cases relate to proof of individual lost wages and denial of damages. See, Santangelo v. Capitol Home Planners, 424 So.2d 1214 (1st Cir.1982). Accordingly, we find no merit in this assignment of error.
Based on the above and foregoing reasons, the judgment and apportionment of fault by the trial court is affirmed, at appellant, Ozeme Broussard's cost.
AFFIRMED.