BOWES, Judge.
Defendant has appealed a judgment of the district court awarding plaintiff the sum of $7,768.10 and dismissing his recon-ventional demand. For the following reasons, the judgment is affirmed.
Mr. Joe Kario, the defendant, contracted with Harold Magee, Incorporated to construct a building at 1452-54 Fourth Street in Harvey, in late 1976 and early 1977. Plaintiff Tolar Mechanical Contractors was engaged as subcontractor to do plumbing work on the building, including the installation of a septic tank system. Originally, there were to be two buildings on the property, with the septic system to be located in between to service both. The main sewer line was located to run to five feet beyond the right side of the proposed building. Mr. Kario then decided that the area originally designated for the septic tank would be needed as a driveway and the system was relocated to the back of the planned construction.[1]
The tank was installed at the back of the building and Mr. Kario began to experience problems almost immediately. Within a few weeks after Tolar had completed the job, defendant notified the company that the toilets would not flush, and that he was having other drainage problems. Mr. Guil-lory installed a sump pump on the system to pump the water to the drainage area. Both Mr. Guillory and Mr. Tolar testified that there were no further major complaints from the defendant until August of 1978. At that time a new switch for the pump was installed.
During this time plaintiff tried to collect the monies owed to him, on the original installation, to no avail. Suit was filed in January, 1979. Defendant reconvened, alleging a cause of action in redhibition. On September 24, 1980, the date set for trial, plaintiff failed to appear and the main suit was dismissed, and the reconventional demand dismissed as of nonsuit. In October of 1980, plaintiff filed a “Motion to Vacate Minute Entry and to Reset Case for Trial.” After argument, the trial court rescinded and set aside its earlier dismissal and ordered the trial to be reset. Upon writ application to the Fourth Circuit Court of Appeal, the case was remanded to the district court.[2]
The present appeal is taken from a judgment of the district court signed on June 8, 1983, subsequent to the remand. Defendant assigned as error:
1. The judgment of September 24, 1980 is final and the trial court incorrectly rescinded it and proceeded to trial, although the subsequent action had prescribed.
2. The trial court incorrectly found that a purchaser must pay for a totally defective toilet system, that he should also pay for the corrective measures that were attempted, and that he should not recover his costs and damages during the meantime.
*15 As to assignment of error number 1, we construe the decision of the 4th Circuit as permitting the cause of action to continue without the necessity of filing a new suit. Plaintiff filed a supplemental petition reurging its original action on May 7,1981. The record shows that the defendant made one payment on August 11,1978. The suit is one in open account and is prescribed in 3 years. C.C. Art. 3538. This period accrues 3 years after the last purchase or payment on the open account. Gulfcoast Newspapers, Inc. v. Cart, 331 So.2d 177 (La.App.3rd Cir.1976). Therefore, the action is not prescribed and this assignment of error is without merit.
As to the second alleged error, the trial judge found that the septic system functioned without major incident for one year and four months, and, after reviewing the evidence, we must agree with these findings. Defendant began to experience problems with the system rather regularly after this period, and stated at trial that he had a number of plumbers try to correct the situation. He alleged, in particular, that the septic tank itself rusted or otherwise was defective, and developed holes and leaked, requiring replacement; and that the sump pumps have also been replaced a number of times, all at considerable expense.
Defendant attempted to produce a number of invoices to evidence these expenses. Plaintiff objected because the plumbers were not available for trial. The trial court correctly sustained the objection and defendant proffered the invoices. These bills were clearly hearsay and clearly inadmissible. See Santangelo v. Capitol Home Planners, 424 So.2d 1214 (La.App.1st Cir.1982). The trial judge correctly refused to offset any charges owed to plaintiff which defendant attempted to introduce at trial.
Defendant offered no evidence as to the cause of the problems he experienced with the system. Mr. Kario did take several photographs of various parts of the system and some photographs appear to depict holes in the tank. However, there was no corroborating testimony as to what caused the holes, and no proof whatsoever that there was an inherent defect in the system. There was no proof that the system was improperly installed.
In summary, plaintiff proved that he performed the services and provided the materials for which suit was brought. The learned trial judge found that defendant did not provide a recognizable defense to plaintiff’s claim, nor validate his reconven-tional demand with any admissible evidence. We can find no error in the conclusions reached by the trial court.
Accordingly, for the foregoing reasons, the judgment of the trial court is affirmed.
AFFIKMED.

. At trial, Roosevelt Guillory, who supervised the job for Tolar, testified that he informed defendant that to move the tank would require more [pipe] line and that the deeper the tank would be located, the less drainage would result.

. The Fourth Circuit denied the writ as follows: WRIT REFUSED. Motion to vacate (new trial) judgment of September 24, 1980 dismissing plaintiffs suit and non-suiting the defendant’s reconventional demand was not filed within seven legal days of the signing of the judgment and therefore comes too late (LSA-C.C.P. art. 1974) Plaintiff was not entitled to notice of the September 24, 1980 judgment since the matter was not taken under advisement nor is there a request of record for notice of date of signing judgment (LSA-C.C.P. art. 1913). The judgment of March 9, 1981 setting aside the final judgment of September 24, 1980 was improvidently rendered and not in accord with LSA-C.C.P. art. 1951 and must be dismissed. The judgment of September 24, 1980 being a dismissal without prejudice and a non-suit of the reconventional demand, the parties have the right to reinstitute their respective actions. In the interest of justice, minimizing costs, and the expediting of the conclusion of this litigation, acting under the authority of LSA-C.C.P. art. 2164, the writ is denied, and the matter remanded to the trial court for further proceedings, reserving to the parties the right to file supplemental pleadings and to assert such defense as they may deem to be in their best interest.