BYRNES, Judge.
This is a dispute over $2,764.34 in insurance premiums allegedly owed to Corroon and Black, an insurance broker, by O’Re-gan Company Inc., O’Regan Contractors Limited and Denis O’Regan, (O’Regan), for general liability and workers compensation policies provided by Reliance Insurance Company.
At trial, accounting personnel of Corroon and Black testified as to the accuracy of the amount due. However, that amount had been determined not by Corroon and Black, but by an auditor for Reliance Insurance. Defendants objected to the testimony on the grounds that it was hearsay since Corroon’s employees had not performed the audit. The trial judge took the case under advisement and eventually dismissed it without prejudice.
A new trial was granted solely for the purpose of receiving the testimony of Reliance’s auditor. At the conclusion of this testimony, O’Regan moved for a directed verdict and apparently rested its case. The trial judge rendered judgment in favor of Corroon and Black for $2,777.34 plus attorney fees. This appeal followed.
At the first trial, Helen Silverstein, the accounting manager of Corroon and Black, testified that Reliance (the insurance company), bills Corroon and Black for the premium due by an insured for a given period. Corroon and Black in turn bills the insured (in this case O’Regan) for that amount. Premiums which are not paid by the insured within 45 days are paid by Corroon and Black. Ms. Silverstein further testified that Corroon and Black had paid $2,764.34 to Reliance on O’Regan’s account, and that O’Regan had not remitted this amount to Corroon and Black. She also testified that coverage for the two O’Regan companies were written on one policy because they were owned by the same person.
These facts distinguish this case from DiMaria Insurance Agency Inc. v. B & R Fences, 367 So.2d 58 (La.App. 4th Cir.1979). In DiMaria, the president of an insurance agency testified as to what credits an auditor of the insurance company had determined were due to the insured. This court ruled that such testimony was hearsay because the auditor did not testify.
In this case, the testimony of Ms. Silverstein was offered to show that Cor-roon and Black had billed O’Regan $2,764.34 for premiums and that O’Regan had failed to pay. To that extent the testimony was not hearsay and its admission did not conflict with the holding in DiMa-ria. DiMaria, was remanded to allow the insurance agent “to present evidence to establish the audit result and afford defendant the opportunity to challenge it.” In this case, counsel for O’Regan stipulated that Reliance’s audit showed that one of the two O’Regan companies owed $2,764.34. This stipulation was sufficient to establish the result of the audit.
*1369 O’Regan’s counsel also objected to the fact that the person who performed the audit was not present to be examined concerning its accuracy. This defect was cured at the second trial (which under C.C.P. Art. 1978, included the evidence received at the first trial) when the auditor testified as to how he conducted the audit. In our opinion, the requirements of DiMa-ria were met in this case.
O’Regan argues that because the amount owed was not part of the auditor’s testimony a directed verdict should have been granted. We disagree. Viewing the evidence presented at both trials, we conclude that the testimony of Corroon and Black’s accounting manager and the stipulation of counsel for O’Regan was sufficient to establish O’Regan’s indebtedness to Corroon and Black and the amount which the Reliance audit showed was due. The accuracy of that audit was proven at the second trial by the testimony of the auditor. Thus, the directed verdict was properly denied. However, it appears that the trial judge erred in assessing attorney fees- against O’Regan.
Although a suit for recovery of past due insurance premiums can be a suit on an open account under R.S. 9:2781, the plaintiff must strictly comply with the provisions of that statute to obtain an award of attorney fees. Frank L. Beier Radio Inc. v. Black Gold Marine Inc., 449 So.2d 1014 (La.1984). Ferd Marks Smither & Co. v. Home Furnishing Store Inc., 430 So.2d 239 (La.App. 4th Cir.1983).
In this ease, there is no evidence in the record indicating that Corroon and Black mailed a written demand for payment to O’Regan correctly setting forth the total amount due with supporting invoices attached. Under these circumstances, an award of attorney fees was not justified.
O’Regan’s answer to this appeal requested dismissal for failure of Corroon and Black to post a suspensive appeal bond as required by C.C.P. Art. 2124. The record reveals that no bond was fixed in the order granting the appeal, nor was a bond subsequently posted. Thus, the sus-pensive appeal must be dismissed.
However, where a suspensive appeal is not timely perfected, but the motion for appeal is filed within the delays allowed for devolutive appeal, it will be maintained as devolutive appeal. Detraz v. Fontana, 398 So.2d 141 (La.App. 3rd Cir.1981). In this case, the motion for appeal was filed within the 10 day limit provided by C.C.P. Art. 5003 for appeals. We therefore maintain this appeal as devolutive.
Finally, we note that the trial judge erroneously awarded Corroon and Black $2,777.34 in premiums when the figure testified to by Ms. Silverstein, and shown by her records, was $2,764.34. We therefore amend that award to conform to the evidence. The lower court also erred by holding Mr. O’Regan personally liable for the premiums. The policies in question name only O’Regan Company, Inc. and O’Regan Contractors Ltd. as named insureds. The policies were clearly purchased by those entities for their benefit, not by Mr. O’Re-gan personally. Thus, while the two O’Re-gan companies (which were named jointly on the policies and which were billed and audited as a unit) are liable for the premiums, Mr. O’Regan is not.
For the foregoing reasons, the judgment of the trial court against the O’Regan corporations is amended to award plaintiff $2,764.34 plus interest and court costs from O’Regan Company Inc. and O’Regan Contractors Ltd., but to delete the award of attorney fees. The judgment against Denis O’Regan personally is reversed and set aside and plaintiff’s suit against him is dismissed. Costs of this appeal are to be divided equally by the parties.
AMENDED IN PART AND REVERSED IN PART.