164 So.2d 362

**Wilma Fern Carter BRELAND, individually and as administratrix of the estate of her minor son, William Gary Breland,**

**v.**

**The AMERICAN INSURANCE COMPANY.**

**No. 47320.**

**June 8, 1964.**

In re: The American Insurance Company applying for certiorari, or writ of review, to the Court of Appeal, Second Circuit, Parish of Ouachita. 163 So.2d 583.

Writ refused. On the facts found by the Court of Appeal the result is correct.

McCALEB, J., is of the opinion that a writ should be granted for two reasons. Initially, the Court of Appeal has denied defendant its day in court by erroneously holding that the issue of primary negligence on the part of defendant's insured was foreclosed since defendant had neither appealed nor answered plaintiff's appeal, notwithstanding that defendant did not seek a modification or a revision of the judgment which dismissed plaintiff's suit. In concluding thus, it is clear that the Court of Appeal has confused an adverse ruling on an issue with the ultimate disposal of a case by judgment. Article 2133 of the Code of Civil Procedure only obliges an appellee to answer an appeal when he desires to have. " * * * the judgment modified, revised, or reversed in part * * * ". Obviously, appellee here, with a *judgment* in its favor, did not seek any such relief.

Moreover, the conclusion of the Court of Appeal (on the facts it found) that plaintiff's son was not guilty of contributory negligence, is directly contrary to the settled jurisprudence of this Court, respecting the obligation of a motorist in making a left turn. See Leonard v. Holmes &

Barnes, Limited, 232 La. 229, 94 So.2d 241; Washington Fire & Marine Ins. Co. v. Firemen's Ins. Co., 232 La. 379, 94 So.2d 295; Johnson v. Wilson, 239 La. 390, 118 So.2d 450; Gasperd v. LeMaire, et al. (1963) 245 La. 239, 158 So.2d 149 and Wesley v. Home Indemnity Co., 245 La. 133, 157 So.2d 467.

SUMMERS, J., is of the opinion that the writ should be granted.