446 So.2d 1343 (1984)
James Earl VARNADO, et ux.
v.
CONTINENTAL INSURANCE COMPANY and Malcolm Orillion.
No. 83 CA 0313.
Court of Appeal of Louisiana, First Circuit.
February 28, 1984.
*1344 Ralph Brewer, Baton Rouge, for plaintiffs-appellees James Earl Varnado, et al.
Ronald F. DeFrances, Baton Rouge, for defendants-appellants Continental Ins. Co. and Malcolm Orillion.
Before LOTTINGER, EDWARDS and ALFORD, JJ.
LOTTINGER, Judge.
This is a suit for damages for personal injuries received by plaintiff, Gwendolyn Varnado, when her car was hit by the car driven by defendant, Malcolm Orillion. Mr. Varnado was also a party plaintiff. The trial court judgment found the plaintiff 20% at fault, the defendants (Orillion and his insurer) 20% at fault, and an unknown driver of a third car to be 60% at fault. Damages of $5,669.62 were found to have been sustained, but were reduced by plaintiff's percentage of fault to $4,535.70. Defendants, Orillion and his insurer, liable in solido with the absent driver, were cast in judgment for that amount. Defendants appeal contesting the trial court's apportionment of fault, and the plaintiffs answer the appeal, seeking an increase in damages.

FACTS
On March 4, 1981, at approximately 9:00 A.M., Gwendolyn Varnado was traveling in the left lane of a one way, two lane street in Plaquemine, Louisiana. It had been drizzling intermittently.
Mrs. Varnado was traveling at approximately 20 or 25 miles per hour, following a white Cadillac and keeping a distance of some two or three car lengths behind it. The Cadillac made a sharp stop and an abrupt left turn. In attempting to avoid hitting the Cadillac's rear, Mrs. Varnado applied her brakes. This sent her car skidding partially into the right lane in a clockwise manner. The front of her car then was hit by Mr. Orillion either before it came to a halt or one or two seconds after it stopped.
Mrs. Varnado sustained whiplash-type injuries and missed a couple of days of work.
After trial on the merits, the trial court rendered judgment as recited above and additionally ordered defendants to pay all costs. Motion for a new trial was denied.

SPECIFICATION OF ERROR
Defendants claim that the trial court erred in: 1) apportioning fault among the actors in that too high a percentage of fault was attributed to defendants and to the unknown driver, and too low a percentage to the plaintiff; 2) considering the unknown driver when finding fault and in placing the burden of his absence solely on them; 3) awarding an excessive amount for pain and suffering; 4) denying their motions to dismiss and for a new trial; and 5) ordering them to pay all the court costs.
Plaintiffs answer, claiming that the trial court erred in assigning any fault to Mrs. Varnado and in awarding an insufficient amount to them.

ISSUES

THE APPORTIONMENT OF FAULT
As stated above, the trial court applying La.Civ.Code art. 2323,[1] apportioned the *1345 fault thusly: 20% to the plaintiff, 20% to defendant-Orillion, and 60% to the unknown and absent driver.
The trier of fact's finding as to the percentages of fault is factual, just as findings of contributory negligence under the old law were factual, and such a determination will not be disturbed on appeal unless it is clearly wrong. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978); Chaney v. Cunningham, 411 So.2d 519 (La.App. 1st Cir.1982). The finding of negligence (and formerly contributory negligence) presents a question of law when the inquiry is made as to the extent of a defendant's duty under the duty/risk analysis. See Dulaney v. Travelers Insurance Company, 434 So.2d 578 (La.App. 1st Cir.1983). Johnson, Comparative Negligence and the Duty/Risk Analysis, 40 La.L.Rev. 319 (1980).[2]
We find no manifest error in the trial judge's assessment of fault. He found that the absent driver made a sudden turn into a private driveway without signalling. In light of the rainy weather such a move was unreasonable and justifiably resulted in that driver being credited with 60% of the fault.
Mrs. Varnado was found to have been keeping a proper lookout, in that she avoided striking the Cadillac which suddenly stopped. The judge found her at fault though, for failing to reduce her speed in view of the wet pavement. Such a failure caused her to be too close to the Cadillac when it turned and precipitated her skid into the right lane. That 20% of the fault was attributed to her is not error.
Mr. Orillion, the defendant driver, was found to be at fault because of his failure to keep a proper lookout and to reduce his speed in consideration of the conditions. The judge specifically placed credence in the testimony of those witnesses who stated that it was one or two seconds after plaintiff had stopped her skid that defendant hit her; he found this to be ample time in which defendant could have stopped. Hence, there was justification for finding this defendant 20% at fault.

COMPUTING THE FAULT OF THE ABSENT TORTFEASOR AND THE BURDEN OF ABSENCE
Defendants claim that the driver of the white Cadillac, who was found to be 60% at fault, should not have been considered by the trial judge when he was apportioning fault. They further aver that if the absent tortfeasor is considered, the negligent plaintiff, as a solidary co-debtor, should also share the burden brought on by that absence.
Addressing defendants' first assertion, we find that the trial judge was correct in considering the absent and presumably unknown tortfeasor. La.Code Civ.P. art. 1917 orders the trial court, in nonjury cases dealing with delictual damages, to "make specific findings that shall include those matters to which reference is made in Paragraph B of Article 1811 of this Code." Article 1811, Paragraph B 2 refers to the degree of fault of "another involved person, other than the person suffering injury, death or loss ...". Paragraph B 1 refers to the fault of a party from whom damages are claimed. Therefore the implication is that the other person referred to in B 2 includes one not a party to the suit.
The question then arises: how to allocate the burden of the absent tortfeasor's percentage of fault? Defendants contend that since plaintiff was found to be partially at fault, she is solidarily liable with the defendants and the driver of the Cadillac.
*1346 This is so, they say, because La.Civ.Code art. 2103, in pertinent part reads:
"When two or more debtors are liable in solido, whether the obligation arises from a contract, a quasi-contract, an offense, or a quasi-offense, the debt shall be divided between them. If the obligation arises from a contract or a quasi-contract, each debtor is liable for his virile portion. If the obligation arises from an offense or a quasi-offense, it shall be divided in proportion to each debtor's fault."
Additionally, La.Civ.Code art. 2104 states:
"If one of the codebtors in solido pays the whole debt, he can claim from the others no more than the part and portion of each.
"If one of them be insolvent, the loss occasioned by his insolvency must be equally shared amongst all the other solvent codebtors and him who has made the payment."
As discussed in Professor Chamallas' article, Comparative Fault and Multiple Party Litigation in Louisiana: A Sampling of the Problems, 40 La.L.Rev. 373 (1980), Article 2104 is mostly incompatible with the comparative negligence legislation. The article speaks of the "whole debt" paid by one of the codebtors in solido. Defendants here were not liable for the whole debt, but only for 80% of plaintiff's damages, as plaintiff's 20% fault has already been subtracted. Furthermore, the article speaks of sharing the loss of the insolvent debtor (here, unknown debtor) "equally" by the solvent codebtors; the preceding article, 2103, orders the debt be divided in proportion to each debtor's fault.
We believe, rather, that La.Civ.Code art. 2324 governs this situation. It states:
"Art. 2324. He who causes another person to do an unlawful act, or assists or encourages in the commission of it, is answerable, in solido, with that person for the damage caused by such act.
"Persons whose concurring fault has caused injury, death or loss to another are also answerable, in solido; provided, however, when the amount of recovery has been reduced in accordance with the proceding article, a judgment debtor shall not be liable for more than the degree of his fault to a judgment creditor to whom a greater degree of negligence has been attributed, reserving to all parties their respective rights of indemnity and contribution." (emphasis added)
The second paragraph readily covers the present situation. It suggests that defendants here along with the absent driver, whose concurring fault caused injury and loss to another (plaintiff), are both debtors in solido; plaintiff was 20% at fault for injuries to himself and not "another," and thus is excluded from the company of solidary codebtors. And because the judgment creditor was not attributed with a greater degree of fault than the judgment debtors (even though the proportions are equal-20%), defendants, as in solido judgment debtors, are still liable for the whole amount. The risk of inability to collect from an absent tortfeasor is thus placed on the party at fault and on the defendant when fault is equal.[3]
Thus, though a particular case such as this produces less than equitable results, article 2324, represents the legislature's rough compromise on solidarity among co-tortfeasors.[4]

MOTION TO DISMISS AND MOTION FOR NEW TRIAL
For reasons already stated, the trial court did not err by denying defendants' *1347 motion to dismiss made at the end of plaintiff's case nor did it err in denying the motion for a new trial. The motion to dismiss was properly denied because plaintiff had established a case of negligence on defendant's part by a preponderance of the evidence. See Bradley v. Hunter, 413 So.2d 674 (La.App. 3rd Cir.1982) writ denied, 415 So.2d 952 (La.1982).
The court's denial of the motion for a new trial was correct in that the judgment was not contrary to the law and the evidence.

QUANTUM
Mrs. Varnado had had no neck or back trouble before the accident. After the accident, Mrs. Varnado experienced some pain in those areas.
She saw Dr. Halley, an orthopedic surgeon, on March 4, 12, 19, 27 and April 20 of 1981. Mrs. Varnado complained to him of pains in her back and neck; some muscle spasms in her neck were observed. The doctor said that Mrs. Varnado improved somewhat upon each visit. X-rays proved negative and no residual infirmities were expected. He prescribed pain medication and muscle relaxants for a short while.
Mrs. Varnado described her ailment as a "a come and go" pain. She missed two days of work as a result of it. The pain lasted about a month in this level of severity, then subsided; today, the pain returns if Mrs. Varnado performs strenuous activity.
Considering the foregoing, we find $5,000 as an award for her pain and suffering to be within the trial court's much discretion. Coco v. Winston Industries, Inc., 341 So.2d 332 (La.1976).

PAYMENT OF COSTS
Defendants-appellants ask that we amend the trial court's order that they be taxed for all costs to an order that both the plaintiffs and defendants pay the costs proportioned to the degree of fault.
The judge may assess costs, or any part thereof, against any party, as it may consider equitable. La.Code Civ.P. art. 1920. We find no abuse of discretion on the part of the trial judge in assessing costs against the defendants-appellants.
Therefore, for the above and foregoing reasons, the judgment of the trial court is affirmed. All costs, both in this court and in the trial court, are assessed against defendants-appellants.
AFFIRMED.
NOTES
[1] "Art. 2323. When contributory negligence is applicable to a claim for damages, its effect shall be as follows: If a person suffers injury, death or loss as the result partly of his own negligence and partly as a result of the fault of another person or persons, the claim for damages shall not thereby be defeated, but the amount of damages recoverable shall be reduced in proportion to the degree or percentage of negligence attributable to the person suffering the injury, death or loss.
[2] See Sampy v. Roy Young, Inc., 425 So.2d 284 (La.App. 3rd Cir.1982), where the court pretermitted the question of whether the assessment of percentages of fault is a legal or factual matter.
[3] This case presents in stark detail the large difference in possible outcomes under this article. If defendants had been found 19% at fault the unknown driver 61% and plaintiff 20%, plaintiff could only have received 19% of her damages.
[4] Suggestions that we use a "rates approach," i.e. comparing plaintiff's negligence (20%) with defendant's (20%) to produce a 1.1 ratio, are not supported by the statutory language. The Civil Code or Code of Civil Procedure would have to be further amended for the use of this approach to be proper.