WATKINS, Judge.
This is a suit for damages for personal injuries received by plaintiff, Gordon Brown, when he attempted to move a piano owned by defendant, City of Slidell. The trial court judgment found the plaintiff 60% at fault and the defendant 40% at fault. General damages of $20,000 for pain and suffering, and special damages of $11,411.20 were found to have been sustained, but were reduced by the plaintiff’s percentage of fault to $12,564.80. Plaintiff appeals, contending the trial court’s apportionment of fault is erroneous and its award of damages is inadequate.
FACTS
This accident occurred on Sunday, March 28, 1982, at the Slidell Civic Auditorium. At that time, Gordon Brown was the conductor of the New Orleans Civic Symphony. This group had been invited to perform in Slidell on this day by the Slidell Civic Society. The concert was scheduled to begin at 4:00 p.m. at the auditorium.
Mr. Brown testified that he arrived at the auditorium around 3:30 p.m. Since the stage area where the orchestra was to perform had not been arranged, he immediately began to make the necessary preparations. He instructed the building custodian on duty that day, Earlman Abram, Jr., to obtain the fifty-five chairs which were required for seating the musicians.
After determining what the best acoustical position for the orchestra would be, he decided to move an upright piano located *4 on the stage which was in the way. He called to his son, who had accompanied him to the performance, for assistance in moving the piano.
Plaintiff testified that he intially intended to align the piano’s casters to facilitate its movement prior to actually moving it to a nearby stage wing. Placing his left hand on the upper rear of the piano, and right hand under the bass end of the keyboard, he attempted to move it in a rearward direction by giving a push with his right hand. It was at this moment, he testified, that he felt the weight of the piano begin to shift to his left hand.
In reaction to the piano’s toppling motion, the plaintiff stated that he braced himself on his left foot and brought his right hand over to where his left hand was, in an effort to stop the piano from falling farther backward. Unfortunately, the plaintiff’s efforts were fruitless since the piano continued to topple, landing on the plaintiff’s left foot.
As a result of this accident, the plaintiff suffered fractures of the first, second and third metatarsus, along with infections and blisters attributable to this wound.
ISSUES
THE APPORTIONMENT OF FAULT
Applying LSA C.C. art. 2323, the trial court apportioned fault at 60% to the plaintiff and 40% to the defendant. In brief, Brown contends that any finding of negligence on his part was erroneous and that the percentage of fault attributed to him should be reduced to zero. Defendant, however, contends that the percentages assigned are correct but does concede that if any alteration is required, then the fault should be shared equally. For the following reasons, we agree with the latter contention of the defendant.
The question of the percentage of fault to be allocated a party under comparative negligence is a question of fact. Varnado v. Continental Insurance Co., 446 So.2d 1343 (La.App. 1st Cir.1984); Triangle Trucking Co. v. Alexander, 451 So.2d 638 (La.App. 3d Cir.1984). Such a factual determination will not be disturbed on appeal unless it is clearly wrong or manifestly erroneous. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). After a thorough review of the record before us, we find that the trial judge was manifestly erroneous in his assessment of fault.
The testimony is uncontroverted that the City of Slidell had prior knowledge of the propensity of this piano to topple over. Roderick Drewes, a professional musician and music teacher, testified that approximately one year prior to this incident he was also injured while attempting to move this same piano. He stated that he was quite positive that he had informed the City administration about the accident soon after its occurrence.
Defendant’s witness, Earlman Abram, Jr., who had been custodian at the auditorium for six years, testified that he was present on the day this accident happened but did not assist the plaintiff in moving the piano. At no time did he warn the plaintiff of the dangers involved in moving the piano, as the trial court found the defendant had a duty to do. His prior knowledge of the condition of the piano is evinced in his testimony on direct examination when he stated, “We knew about the piano, if it gets top-heavy it will go over.”
Although taken over a year after this accident occurred, the photographs of the piano casters introduced into evidence clearly show their state of disrepair. Testimony was adduced that no repairs or replacements had ever been made to the casters.
The trial court found the plaintiff, a conductor and musician, to be very experienced in moving these types of pianos since by his own testimony he admitted doing this innumerable times. Plaintiff’s own witnesses, experienced professionals in the field of music, testified that it was unsafe to move a piano of this type without a dolly or cradling device to assist. Thus, plaintiff, as found by the trial court, acted below the standard of care expected of one *5 with his experience, when he moved the piano without first examining the condition of the casters.
However, we find it unreasonable to believe that the plaintiff, as found by the trial court, was more at fault in causing this accident than the City. Our examination of the testimony and evidence contained in the record convinces us that the parties, at best, were equally at fault in causing this accident.
We are constrained in our adjustment of the percentages of fault not only by the manifest error standard of Arceneaux, supra, but also by the rule set forth by this court in Efferson v. State, Through the Department of Transportation and Development, 463 So.2d 1342 (La.App. 1st Cir.1984), writs denied, 465 So.2d 722 (La.1985), wherein we borrowed the appropriate standard for appellate review of damages by stating that any reduction of a percentage of fault must be to the highest degree of fault a reasonable finder of fact could have found, and any increase of a percentage of fault must be to the lowest degree of fault a reasonable finder of fact could have found.
Accordingly, we will reduce the percentage of fault attributable to the plaintiff, Gordon Brown, to 50% and increase the percentage of fault attributable to the defendant, City of Slidell, to 50%. Although an adjustment of 10% may not in many cases be substantial enough to support a finding of trial court error using the “clearly wrong” standard, the particular facts of this case do not reasonably support the trial court’s assessment of 60% — 40%, since such an assessment necessarily implies the plaintiff was more at fault than was the defendant. We are convinced that the record does not support such a finding.
INADEQUACY OF DAMAGES
Plaintiff contends that the $20,000 awarded as general damages for his past, present and future pain and suffering is inadequate and should be increased.
As a result of the accident, plaintiff suffered fractures of the first, second and third metatarsus of the left foot. Mr. Brown’s left foot was placed in a cast which was changed regularly over the following six weeks, at which times the wound would be cleaned and treated for the infectious blisters which had developed. It was this infection which caused the plaintiff to be hospitalized for eight days of treatment in June, 1982.
Dr. Charles Johnson, an orthopedic surgeon and treating physician, stated in his deposition entered into evidence that the wound caused by the accident was completely healed when he saw the plaintiff in September, 1982. He requested that plaintiff return for x-rays within a month.
On his next visit, which was not until March, 1983, x-rays were taken of the fractures showing them to be healed. Dr. Johnson, however, stated that had the x-rays been taken in November, 1982, as requested, he was fairly certain they would have shown the fractures to have been sufficiently healed.
Plaintiff testified that he still experiences pain and numbness in the foot and that he is unable to remain standing for long periods of time. He contends that his inability to stand while conducting lessens the effectiveness of his musical direction.
Considering the foregoing, we find the $20,000 awarded to the plaintiff for his pain and suffering to be adequate. . Although on the lower end of the broad scale which a court may use in assessing damages, we do not find the award to be an abuse of the much discretion allowed the trial court in awarding damages. Coco v. Winston Industries, Inc., 341 So.2d 332 (La.1976).
Therefore, for the above and foregoing reasons the trial court’s judgment is reversed as to the determination of the percentages of fault. As stated previously, the percentage of fault assigned to each party shall be 50%. As to the awarding of damages, the judgment of the trial court is affirmed. Costs totalling $1,044.05 are to be borne by the appellee.
*6 REVERSED IN PART, AFFIRMED IN PART, AND RENDERED.
COVINGTON, C.J., dissents, being of opinion that the trial judge was not only not clearly wrong, but was in fact correct.