**Ralph Richard ROWE and Zella Watkins Rowe**

v.

**DOLPHIN–TITAN INTERNATIONAL and Tenneco Oil Company.**

**Civ. A. No. 84–3846.**

United States District Court, E.D. Louisiana.

Feb. 20, 1987.

Hal J. Broussard, Broussard & David, Lafayette, La., for intervenors, Rebel Rentals, Inc. and Reliance Ins. Co. of Illinois.

ROBERT F. COLLINS, District Judge.

In this action, plaintiffs allege that Ralph Richard Rowe sustained injuries to his back while working for Rebel Rentals on a rig owned by Dolphin-Titan International situated upon a platform owned by Tenneco Oil Company. Dolphin-Titan is in bankruptcy, and all actions against it have been stayed. Rebel Rentals has intervened to recover compensation paid to plaintiff pursuant to the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C. §§ 901 *et seq.* (LHWCA).

Rebel Rentals, employer of Ralph Richard Rowe, plaintiff herein, has objected to this Court's stated intention of having the jury apportion fault between all actors to the alleged accident so that the Court may enter judgment in accordance with La.Civ. Code Article 2324.

Rebel Rentals takes the position that since it is statutorily immune from suit pursuant to the exclusive liability provision of Title 33 United States Code Section 905(a), its proportion of fault should not even be measured. Rebel Rentals cites *Edmonds v. Compagnie Generale Transatlantique*, 443 U.S. 256, 99 S.Ct. 2753, 61 L.Ed.2d 521 (1979) for the proposition that only the fault of Tenneco, Dolphin-Titan, and Ralph Rowe can be measured. Rebel Rentals argues that its fault, if any, cannot be used to diminish the plaintiff's recovery from Tenneco. Rebel cites *Foreman v. Exxon Corp.*, 770 F.2d 490 (5th Cir.1985), for the proposition that it is error to measure the fault of a statutorily immune employer.

The Court agrees with Rebel Rentals that it cannot be cast in judgment for plaintiff's damages. The liability of an employer who pays Longshoremen and Harbor Workers Compensation is exclusive and in place of all other liability of the employer to the employee or the employee's wife. 33 U.S.C. § 905(a). However, by apportioning fault between all actors, including Rebel Rentals, the Court does not seek to have

Kenneth W. DeJean, Fruge' and DeJean, Lafayette, La., for plaintiffs, Ralph Richard Rowe and Zella Watkins Rowe.

George J. Richaud, New Orleans, La., for defendant, Dolphin-Titan Intern.

Gino Rendeiro, Edward J. Koehl, Jr., Jones, Walker, Waechter, Poitevent, Carrere & Denegre, New Orleans, La., for defendant, Tenneco Oil Co.

Rebel Rentals cast in judgment. The exclusive liability provisions of Section 905(a) will therefore not be abrogated by this Court's approach.

A brief review of the statutory framework governing this action is necessary in order to understand why the fault of all actors must be determined.

■ The Outer Continental Shelf Lands Act (OCSLA) applies to this lawsuit since plaintiff was allegedly injured on a fixed platform situated on the Outer Continental Shelf. 43 U.S.C. § 1333(a). Pursuant to the OCSLA, 43 U.S.C. § 1333(b), compensation is payable under the provisions of the LHWCA for employees injured as a result of operations conducted on the Outer Continental Shelf for the purpose of exploring for or removing natural resources from the seabed of the Outer Continental Shelf. Thus, the LHWCA is the applicable compensation scheme. The tort law governing this case, however, is not the LHWCA, but is rather Louisiana state law. Section 1333(a)(2)(A) of the OCSLA states that:

> To the extent that they are applicable and not inconsistent with this Act or with other Federal laws and regulations ... the civil and criminal laws of each adjacent State ... are hereby declared to be the law of the United States for that portion of the subsoil and seabed of the outer Continental Shelf, and artificial islands and fixed structures erected thereon ...

43 U.S.C. § 1333(a)(2)(A). Thus, Louisiana civil law is adopted as surrogate federal law in this lawsuit via the OCSLA.

Turning to applicable state law, the Court next analyzes applicable provisions of Louisiana law. Article 2324, the cause of the current controversy, provides as follows:

> He who causes another person to do an unlawful act, or assists or encourages in the commission of it, is answerable, *in solido*, with that person, for the damage caused by such act.
> Persons whose concurring fault has caused injury, death or loss to another are also answerable, *in solido;* provided, however, when the amount of recovery has been reduced in accordance with the preceding article, a judgment debtor shall not be liable for more than the degree of his fault to a judgment creditor to whom a greater degree of negligence has been attributed, reserving to all parties their respective rights of indemnity and contribution.

La.Civ.Code Article 2324.

■ Under Article 2324, a defendant is liable only for its virile share if its fault is less than that of the plaintiff. In other words, if the defendant is less culpable than the plaintiff, it is only responsible for its share of the damages. On the other hand, if the defendant is more culpable than the plaintiff, it is liable for the entire amount of damages, less the plaintiff's degree of fault. A determination of the fault, if any, of Rebel Rentals is necessary, not to cast Rebel Rentals liable for a share of the judgment, but rather to determine whether Tenneco will be liable for all damages less plaintiff's contributory fault, or whether Tenneco is liable only for its virile share.

Application of Article 2324 to a situation involving a party that could not be cast in judgment was recently made in *Varnado v. Continental Ins. Co.,* 446 So.2d 1343 (La. App. 1st Cir.1984). In that case, the trial court apportioned fault thusly: 20% to the plaintiff, 20% to the defendant, and 60% to an unknown and absent driver. 446 So.2d at 1345. This resulted in the defendant being liable for 80% of plaintiff's damages. 446 So.2d at 1346. The appellate court affirmed the computation of fault of the absent tortfeasor. The *Varnado* appellate court also noted that the case presented in "stark detail the large difference in possible outcomes" under Article 2324. 446 So.2d at 1346 n. 3. The court noted that if defendants had been found 19% at fault, the unknown driver 61%, and plaintiff 20%, plaintiff could only have received 19% of her damages. *Id.*

This Court recently had a jury measure the fault of a statutorily immune employer alongside with the fault of a defendant so that judgment could be entered pursuant to Article 2324. In *Katie R. Campbell, et al.*

*v. Otis Elevator Company*, Slip Op. No. 84–2521 (E.D.La. October 30, 1985), this Court sanctioned the computation of fault of all actors to the accident, including the statutorily immune employer. This was done, not to cast the employer in liability, but rather to determine whether Otis Elevator was liable for the entire share of the verdict less plaintiff's fault, or only for its virile share. Although the case was reversed and remanded for a new trial due to erroneous instructions given on *res ipsa loquitur* and the duty of care owed by elevator maintenance companies, the Fifth Circuit did not find error in this Court's apportionment of fault amongst all actors. *Katie R. Campbell, et al. v. Otis Elevator Company*, 808 F.2d 429 (5th Cir.1987). If there had been error in the Court's interrogatory form, the Fifth Circuit would certainly have stated so, since the case has been remanded for a new trial.

This Court's determination that Article 2324 requires the relative degrees of fault of all actors involved in an accident to be assessed is buttressed by provisions in the Louisiana Code of Civil Procedure and several commentaries in the Louisiana Law Review. While this Court applies federal civil procedure to this lawsuit, the Court finds that Article 1812, Louisiana Code of Civil Procedure, is in reality substantive law that must be applied. At the very least, it must be considered as an aid in determining how Louisiana Civil Code Article 2324 is to be applied.

Article 1812 of the Louisiana Code of Civil Procedure, special verdicts, subsection C(2), indicates that interrogatories to the jury may ask: "If appropriate, whether another person, *whether party or not,* other than the person suffering injury death, or loss, was at fault, and, if so ... (b) the degree of such fault, expressed in percentage." (Emphasis added.) The Article goes on to state that "The Court shall then enter judgment in conformity with the jury's answers to these special questions and according to applicable law."

The Louisiana Code of Civil Procedure thus contemplates apportioning fault as to non-defendants then entering judgment according to applicable law. This Court will have the jury apportion fault as to a non-defendant, Rebel Rentals, then enter judgment according to applicable law. Louisiana Civil Code Article 2324. The Court finds support for this approach in *Chamallas*, Comparative Fault and Multiple Party Litigation in Louisiana: A Sampling of the Problems, 40 La.L.Rev. 373 (1980):

> When joinder of all individual persons is not feasible two interrelated problems arise. First, how should the fault of the absent tortfeasor be taken into account in computing the shares of the existing parties? Second, who should bear the burden, even provisionally, that may result from the tortfeasor's absence?

> .     .     .     .     .

> Although the new Act is ambiguous on this score, it is doubtful that the legislature intended to endorse the ratio approach. Instead, amended Civil Code article 2324 suggests that the *absent tortfeasor's share should be borne solely by the party who is more at fault.* The thrust of the amended article is that *the more blameworthy party should* pursue the absent tortfeasor in another forum or *absorb the loss* if such person proves to be insolvent or cannot be located.

40 La.L.Rev. at 389 (emphasis added).

Thus, this Court's position was in line with Louisiana commentaries on the law, the Louisiana Civil Code, and the Louisiana Code of Civil Procedure. Additionally, this Court's approach has been used by Louisiana trial and appellate courts. *Varnado v. Continental Ins. Co.*, 446 So.2d 1343 (La. App. 1st Cir.1984). The Court's position is justified by equity. It is unfair to cast a defendant liable for an entire damage award when the defendant was less at fault in causing the injury than the plaintiff himself.

The scope of Article 2324 is broader than Rebel Rentals is willing to concede. When read in conjunction with Louisiana Code of Civil Procedure Article 1812, it is apparent that the legislature intended to apportion fault between all actors involved in an accident, not just party defendants who can be

held answerable in damages. The very ambiguity Rebel Rentals seeks to read into Article 2324 was resolved by the addition of the phrase "whether party or not" to La.C.Civ.P. Article 1812 in 1983. *See* 1983 Revision Comments to La.C.Civ.P. 1812. Fault should not be apportioned merely between party defendants to a lawsuit and the plaintiff. Rather, fault should be apportioned between all actors to the accident, whether they can be held answerable in damages or not.

Turning finally to the cases cited by Rebel Rentals, the Court is not convinced that Rebel Rentals should be excluded from the apportionment. *Edmonds v. Compagnie Generale Transatlantique,* 443 U.S. 256, 99 S.Ct. 2753, 61 L.Ed.2d 521 (1979), was an LHWCA 905(b) case, and did not involve state law. Here, there is no vessel negligence and no vessel being sued, since the injury allegedly occurred on a fixed platform. As discussed earlier, Louisiana state law is adopted as surrogate federal law, so the codified maritime law tort provisions of 905(b) do not apply. Therefore, *Edmonds* provides no support for Rebel Rental's position.

*Foreman v. Exxon Corporation,* 770 F.2d 490 (5th Cir.1985) is also lacking in persuasive force for Rebel Rental's position. In that case, the Fifth Circuit specifically held that submission of a special interrogatory to the jury seeking apportionment of fault not only between the platform and rig owners, but also the employer, was not error. 770 F.2d at 493. The error committed by the district court in *Foreman* was not the submission of the special interrogatory seeking apportionment of fault between all actors involved. 770 F.2d at 493. Rather, the error was in requiring the employer to contribute to the settlement fund the percentage of the employer's fault. 770 F.2d at 493.

If the jury returns a verdict finding Rebel Rentals partly at fault in the alleged accident, this Court will not impose any liability on Rebel Rentals. To do so would abrogate the exclusive liability provisions of § 905(a) and would constitute reversible error under *Foreman.* The percentage of fault will only be used in calculating the exposure of Tenneco. If Tenneco's fault is less than that of the plaintiff, Tenneco will be liable only for its virile share. If, on the other hand, Tenneco's fault is greater than that of the plaintiff, it will be liable for the full verdict less the percentage of plaintiff's fault.

WHEREFORE, Rebel Rental's objection to the Court's proposed jury interrogatory form is OVERRULED.