STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

04-1405

TIMOTHY ROBERTS

VERSUS

KEVIN F. ROBICHEAUX, ET. AL.

************

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT,
PARISH OF ST. MARTIN, NO. 02-65272,
HONORABLE GERARD WATTINGNY, DISTRICT JUDGE

************

JAMES T. GENOVESE
JUDGE

************

Court composed of John D. Saunders, Osward A. Decuir and James T. Genovese, Judges.

AFFIRMED AS AMENDED.

Mr. Keith A. Conley
Mr. Scott W. McQuaig
Mr. W. Chad Stelly
McQuaig and Stelly
100 Lilac Street
Metairie, Louisiana 70005
COUNSEL FOR DEFENDANTS/APPELLANTS:
    Joyce Melancon
    United Automobile Insurance Group


Mr. Terry E. Theriot
Post Office Box 2234
Lafayette, Louisiana 70502
COUNSEL FOR PLAINTIFF/APPELLEE:
    Timothy Roberts

**GENOVESE, Judge.**

The Defendants/Appellants, Joyce Melancon and United Automobile Insurance Group, appeal the trial court's judgment finding Joyce Melancon fifty percent at fault for an accident which occurred when she attempted to make a left turn into a private driveway and was hit by a passing motorist in a "no-passing" zone. We affirm, but amend the allocation of fault.

## FACTS

On May 13, 2001, Plaintiff, Timothy Roberts ("Roberts"), was a guest passenger in a vehicle owned and operated by the Defendant, Kevin Robicheaux ("Robicheaux"). Robicheaux was driving his vehicle west on Louisiana Highway 94 in St. Martin Parish, Louisiana, when he attempted to pass a vehicle being operated by the Defendant/Appellant, Joyce Melancon ("Melancon"). However, while Robicheaux was attempting to pass, Melancon attempted a left-turn maneuver into a private driveway and the two vehicles collided. The evidence is clear that the collision occurred in a "no-passing" zone.

As a result of the accident, Roberts filed a personal injury suit against Robicheaux and his insurer, National Automotive Insurance Company, and Melancon and her insurer, United Automobile Insurance Group ("United"). Prior to trial, Roberts settled his suit against Defendant, Robicheaux, and his insurer.

Trial in this matter was held on June 14, 2004. Written Reasons for Judgment were issued on June 28, 2004. The trial judge found the Defendants, Melancon and Robicheaux, equally at fault in the accident and equally responsible for the Plaintiff's damages. Plaintiff was awarded damages for past medical expenses and pain and suffering, however, the trial court denied Plaintiff's claim for loss of wages.

Defendants appeal the "50-50" allocation of fault by the trial court.

1

**ISSUE**

The sole issue on appeal is whether the trial court erred in the assessment of fault between the Defendants.

**LAW AND DISCUSSION**

This court in *Budget Rent-A-Car of New Orleans v. Gradnigo*, 611 So.2d 147, p. 151 (La.App. 3 Cir. 1992), *citing Walton v. Bellard*, 581 So.2d 307 (La.App. 1 Cir. 1991), *writ denied* 585 So.2d 567 (La.1991), discusses the allocation of fault as follows:

> It is well settled that the allocation of comparative negligence is a factual matter, and such determination will not be disturbed on appeal unless it is clearly wrong or manifestly erroneous. *Varnado v. Continental Insurance Company*, 446 So.2d 1343, 1345 (La.App. 1st Cir. 1984).

Appellants contend that the trial court erred in finding Melancon and Robicheaux equally at fault in causing the accident. Appellants urge that, if Melancon had any degree of fault in the accident, it should be less than fifty percent.

In support of her contention, Mrs. Melancon proposes that an analysis of the facts presented in this case, with the factors established in *Watson v. State Farm Fire & Cas. Ins. Co.*, 469 So.2d 967 (La.1985) for apportioning fault, demonstrates that Mr. Robicheaux should have been apportioned with a greater percentage of the fault.

In an action for injury or loss, the trier of fact shall determine the degree or percentage of fault of all persons found to have contributed or caused that injury or loss. La.Civ.Code art. 2323. When apportioning fault, the factfinder should consider the five factors enunciated in *Watson*, which include: "(1) whether the conduct resulted from inadvertence or involved an awareness of danger, (2) how great a risk was created by the conduct, (3) the significance of what was sought by the conduct, (4) the capacities of the actor, whether superior or inferior, and (5) any extenuating

2

circumstances which might require the actor to proceed in haste, without proper thought." *Watson*, 469 So.2d at 974.

The trial court concluded that Melancon was negligent because she "should have seen [Melancon's] vehicle as his vehicle was in the vicinity of her car and behind it prior to the impact." The trial court concluded that Robicheaux was equally negligent because he "should have seen the no-passing zone in which Mrs. Melancon was stopped to make a left turn."

Whether or not Melancon properly activated her left turn signal and whether Robicheaux had begun his attempt to pass prior to entering the "no pass" zone were factual issues contested at trial.

The State of Louisiana Uniform Motor Vehicle Traffic Crash Report, admitted into evidence by stipulation of the parties, shows the highway at the location of the impact as a two-lane roadway which is designated as a "no-passing" zone. Louisiana Revised Statute 32:77(B) mandates:

> Where signs or markings are in place to define a no-passing zone . . . no driver shall at any time drive on the left side of the roadway within such zone, or on the left side of any pavement striping, designated to mark such no-passing zone, throughout its length.

It is necessary that we review both the duties of motorists when making left turns and the duties of passing motorists.

In *Natchitoches Motors v. Travelers Ins. Co.*, 372 So.2d 811, 813-14 (La.App. 3 Cir. 1979), this court stated:

> It is well settled that a left-turn movement is generally characterized as a dangerous operation, not to be undertaken until the motorist ascertains that it can be made in safety. LSA-R.S. 32:104. . ..
> There is no presumption, however, that the driver of a left turning vehicle is guilty of negligence. Both a left turning and a passing motorist are charged with an exceptional duty of care. Whether there has been a breach of duty on the part of either must be proved. . . .
> In judging whether a left turn can be made in safety, the motorist has the right to assume that a following motorist will observe all the

3

duties imposed upon him by law and common sense. Thus, he may assume that the following motorist will proceed within the speed limit and will not cross over a yellow line in his traffic lane marking a "no-passing" zone and, moreover, will keep a proper lookout. *Breland v. American Insurance Company*, 163 So.2d 583 (La.App. 2nd Cir. 1964), *writs refused* 246 La. 379, 164 So.2d 362 (1964).

In executing the left turn, Melancon asserted she complied with the requirements of law. As noted by the trial court, Melancon stated she signaled her turn, checked her rearview mirror, and turned her head to look for a vehicle behind her in either lane. However, because the trial court concluded Melancon did not exercise enough care and caution in making her left turn, she was assessed with equal responsibility.

We find that it was manifest error and clearly wrong in not finding that the passing motorist had a higher degree of fault by attempting to pass in a "no-passing" zone. The duty to follow statutorily imposed rules and common sense make Robicheaux's breach a far greater infarction than that of Melancon. Therefore, we find the passing motorist, Kevin Robicheaux, to be 75% at fault in causing this accident because he attempted to pass in a "no-passing" zone. We find the Defendant, Joyce Melancon, the left turning motorist, to be 25% at fault for improper lookout and signalization.

### APPELLEE'S ANSWER

Finally, in his "Answer Brief," Plaintiff/Appellee asserts that he is entitled to damages for "frivolous" appeal. We note that the record does not reflect that Mr. Roberts ever filed an answer to this appeal. An appellee shall answer an appeal when he desires to have the judgment modified, revised, or reversed in part, or when he demands damages against the appellant. La.Code Civ.P. art. 2133. The Appellee's "Answer Brief" does not satisfy the requirements of Art. 2133 as it is neither an answer nor an appeal. *Gibbs v. Gibbs*, 33,169 (La.App. 2Cir. 6/21/00) 764 So.2d 261,

4

*citing Gay v. Gay*, 31,974 (La.App. 2 Cir. 6/16/99), 741 So.2d 149. Therefore, Plaintiff's request for damages for frivolous appeal will not be considered, and thus, is denied.

## DECREE

For the foregoing reasons, we amend the judgment to increase the allocation of fault of Kevin Robicheaux to 75%, and reduce the fault of Joyce Melancon to 25%. Costs of this appeal are assessed 75% against the Plaintiff, Timothy Roberts, and 25% against the Defendants, Joyce Melancon and United Automobile Insurance Group.

**AFFIRMED AS AMENDED.**