942 So.2d 674 (2006)
Angela T. STEWART, Individually and on Behalf of her Minor Child, Tyler Stewart, Plaintiff-Appellant,
v.
Sue Miles BARNETT and State Farm Mutual Automobile Insurance Company, In Solido, Defendants-Appellees.
No. 41,597-CA.
Court of Appeal of Louisiana, Second Circuit.
November 1, 2006.
Rice & Kendig by William F. Kendig, Jr., for Appellant.
Tutt, Stroud & McKay by Charles G. Tutt, Shreveport, for Appellees.
*675 Before CARAWAY, DREW and LOLLEY, JJ.
LOLLEY, J.
Angela T. Stewart, individually and on behalf of her minor child, Tyler Stewart, appeals the judgment of the First Judicial District Court, Parish of Caddo, State of Louisiana, which assessed equal fault with the defendant, Sue Miles Barnett, in a motor vehicle accident. State Farm Mutual Automobile Insurance Company was Barnett's insurer. For the following reasons, we amend the judgment, and affirm as amended.

FACTS
On the afternoon of September 16, 2004, Stewart was traveling northbound on Henderson Avenue in Shreveport, Louisiana. Her child Tyler was in the car with her. After coming to a complete stop at the intersection of Henderson and E. 70th Street, she attempted to make a left westbound turn onto E. 70th. According to Stewart, she looked left to make sure she was clear to make the turn. There were some eastbound vehicles stopped short of the intersection that waved her on to cross. She also claims she looked right as well to make sure she was clear from that direction to make her turn, and after determining that there was no oncoming traffic, she attempted her turn.
While she was making her turn, Barnett, who was in the inside eastbound lane of E. 70th, crossed the double yellow lane marker and entered into the westbound lanes of E. 70th, traveling in the wrong direction in her own attempt to make a left turn. Barnett's actions are not disputed. In making her illegal maneuver, Barnett and Stewart collided. Barnett was driving a Suburban and Stewart's vehicle was totaled.
Stewart filed suit against Barnett and State Farm, seeking general and special damages. Barnett and State Farm conceded Barnett's fault in the accident, but argued that Stewart's left turn maneuver contributed greatly to the accident. They argued that a 50/50 split in liability would be appropriate considering the facts. The trial court, after hearing the testimony of both parties agreed, and assessed each party with 50% of the fault and entered judgment. This appeal by Stewart ensued.

DISCUSSION
On appeal, Stewart argues that she does not bear any fault for the collision with Barnett, and the trial court erred as a matter of law in finding comparative fault. Stewart maintains that Barnett acted in an unreasonable manner and her illegal driving maneuver was the proximate cause of the accident. Specifically, Stewart points to La. R.S. 32:76(A)(2) which prohibits passing within one hundred feet of an intersection. She also looks to La. R.S. 32:77(A) which further prohibits passing in areas marked with double yellow lane markers. Stewart acknowledges that she was making a left turn onto E. 70th Street and was charged with the duty to do so safely. However, Stewart argues that she did not breach her duty. She states that she looked both ways to ensure that no traffic was coming on E. 70th before she pulled into the intersection, and that absent Barnett's violation of the law, the collision would not have occurred. Moreover, Stewart points out that she was entitled to assume that the other cars would obey the law and she was not required to anticipate Barnett's unlawful and reckless actions.
In an action for injury or loss, the trier of fact shall determine the degree or percentage of fault of all persons found to have contributed to or caused that injury or loss. La. C.C. art. 2323. The trier of fact will compare the relative fault *676 of the parties in the assessment of liability. Thomas v. Sisters of Charity of the Incarnate Word, 38,170 (La.App. 2d Cir.03/19/04), 870 So.2d 390, writ denied, XXXX-XXXX (La.09/24/04), 882 So.2d 1132, citing Watson v. State Farm Fire and Cas. Ins. Co., 469 So.2d 967 (La.1985). In assessing comparative fault, Watson set forth the following factors that should be considered: (1) whether the conduct resulted from inadvertence or involved an awareness of the danger, (2) how great a risk was created by the conduct, (3) the significance of what was sought by the conduct, (4) the capacities of the actor, whether superior or inferior, and (5) any extenuating circumstances which might require the actor to proceed in haste, without proper thought. Thomas, supra. The trier of fact's allocation of fault is a factual determination subject to the manifest error rule. Id.
As stated, the trial court assessed fault equally between Stewart and Barnett. We do give some weight to the trial court's determination that Stewart was (1) conducting a dangerous activity, a left turn, and (2) she could have avoided the accident had she seen what she should have seen. However, the facts are clear that Stewart discharged her duty to make a safe left turn when she looked both ways to ensure that she was clear to make her turn. Observing that the traffic in both eastbound lanes was stopped, and that those drivers were allowing her to proceed, Stewart looked right to see if there was any westbound traffic. There being none, she moved into the intersection. Stewart acted reasonably in making her left turn.
Roberts v. Robicheaux, XXXX-XXXX (La. App. 3d Cir.03/02/05), 896 So.2d 1232, writ denied, XXXX-XXXX (La.05/13/05), 902 So.2d 1021 dealt with facts almost identical to the ones at handan accident occurred when one driver, attempting to make a left turn, collided with another driver passing in a "no turn" (or crossing a double yellow line) lane. The Roberts court stated that "[i]n judging whether a left turn can be made in safety, the motorist has the right to assume that a following motorist will observe all the duties imposed upon him by law and common sense. Thus, he may assume that the following motorist will proceed within the speed limit and will not cross over a yellow line in his traffic lane marking a "no-passing" zone and, moreover, will keep a proper lookout." Id., citing Breland v. American Ins. Co., 163 So.2d 583 (La.App. 2nd Cir.1964), writ refused, 246 La. 379, 164 So.2d 362 (1964).
In considering the facts of this case and the applicable factors set forth in Watson, we must conclude that the trial court was manifestly erroneous in finding Stewart equally at fault with Barnett, but for whose illegal actions, this accident would never have occurred. In considering the record before us, we place great emphasis on the testimony of the investigating officer, Corporal Harry Brown of the Shreveport Police Department. At the trial of the matter, Corp. Brown testified that he was the investigating officer at the scene of the accident, and he also prepared the accident report that was entered into evidence at the trial. Corporal Brown opined that the contributing cause of the accident was Barnett's illegal maneuvercrossing the double yellow line into the oncoming lanes of traffic in her attempt to make a left turn. Notably, the accident report shows that Barnett was issued a citation for disregarding traffic control, whereas Stewart was not issued a citation. Furthermore, on his report, Corp. Brown noted that the primary factor for the accident was Barnett's violation.
Considering the actions of both drivers, it is impossible to conclude that they were equally at fault and we must place more *677 fault on Barnett's causing the accident versus Stewart's mere failure to avoid it. The duty to follow statutorily imposed rules and common sense make Barnett's negligence far greater than Stewart's. Therefore, we must adjust the allocation of fault to an amount which would be within the trial court's reasonable discretion. See Clement v. Frey, XXXX-XXXX (La.01/16/96), 666 So.2d 607. We amend the trial court's judgment and assess Barnett with 85% of the fault and Stewart with 15%.

CONCLUSION
For the foregoing reasons, the judgment of the trial court is amended, and, as amended, affirmed. Costs of this appeal are assessed to Sue Miles Barnett and State Farm Mutual Automobile Insurance Company.
AS AMENDED, AFFIRMED.