# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 07-891

**CLAIRE TELEZIA LANDRY**

**VERSUS**

**PHILLIP LARVIN COMEAUX, II**

**\*\*\*\*\*\*\*\*\*\***

## APPEAL FROM THE
## FIFTEENTH JUDICIAL DISTRICT COURT
## PARISH OF LAFAYETTE, DOCKET NO. 2002-4596, DIVISION "M1"
## HONORABLE PHYLLIS M. KEATY, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***

## JAMES T. GENOVESE
## JUDGE

**\*\*\*\*\*\*\*\*\*\***

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Jimmie C. Peters, and James T. Genovese, Judges.

**AFFIRMED.**

L. Clayton Burgess
L. Clayton Burgess, A P.L.C.
605 West Congress Street
Post Office Drawer 5250
Lafayette, Louisiana 70502-5250
(337) 234-7573
COUNSEL FOR DEFENDANT/APPELLANT:
    Phillip Larvin Comeaux, II

Glenn J. Armentor
The Glenn Armentor Law Corporation
300 Stewart Street
Lafayette, Louisiana 70501
(337) 233-1471
COUNSEL FOR PLAINTIFF/APPELLEE:
    Claire Telezia Landry

**GENOVESE, Judge.**

In conjunction with a rule for increase in child support, Defendant, Phillip Comeaux, II (Comeaux), was found in contempt of court by the trial court for failure to produce certain financial documents. As a consequence of the contempt ruling, the trial court ordered Comeaux to produce said financial documentation and also ordered him to pay a $500.00 fine. Comeaux suspensively appeals. For the following reasons, we affirm.

## FACTS

Plaintiff, Claire Telezia Landry (Landry), and Comeaux are the unmarried parents of Madelyn Jolie Comeaux, born on January 27, 2001. On September 3, 2002, Landry filed a petition for custody and child support against Comeaux. An interim order of child support was set at $250.00 per month pending the outcome of Comeaux's personal injury action stemming from his October 18, 2001 offshore work accident.

On June 26, 2003, Landry filed a rule to show cause why child support should not be increased commensurate with Comeaux's receipt of workers' compensation benefits. On September 18, 2003, pursuant to consent judgment, child support was increased to $767.00 per month.

On February 4, 2005, Landry again filed a motion to increase child support, alleging that Comeaux "has received, through settlement, substantial monies in the resolution of his Longshoreman's and various third-party claims. . . ." Subsequent to several continuances, and before a hearing on Landry's motion to increase child support was held, Comeaux filed a motion to decrease his child support obligation. In his motion to decrease child support, Comeaux asserted that "[b]efore [he] even

1

had a chance to regain some sort of employment he was involved in a severe motor vehicle accident on September 29, 2004, which . . . re-aggravated his previous back and neck injury." Consequently, Comeaux sought a reduction in child support from $767.00 per month to $417.86 per month based on his declaration that his annual income was less than $10,000.00.

On June 23, 2005, Landry filed two motions: (1) a motion to compel more complete and appropriate answers to her previously filed interrogatories; and (2) a motion to compel production of documents. Landry alleged that "the interrogatories . . . have either not been answered at all or have been inappropriately or incompletely answered . . ." and that Comeaux failed to adequately produce the requested financial documents relevant to the issue of whether Comeaux's child support obligation should be increased.

On December 5, 2005,[1] a hearing was held on Landry's motion to compel wherein the trial court issued the following order:

> IT IS ORDERED, ADJUDGED AND DECREED that the defendant will produce copies of all monthly bank statements that have been generated for any checking and/or savings accounts opened by [Comeaux] subsequent to receiving settlement funds in 2004 and 2005, from his offshore case, beginning with the opening balances up to the current date, and supported by an affidavit listing all such accounts by [Comeaux].

The order also reset Landry's motion to increase child support and Comeaux's motion to decrease child support for a hearing on the merits on February 16, 2006.

On January 11, 2006, Landry filed another motion to compel production of documents due to Comeaux's alleged non-compliance with the trial court's December 5, 2005 order. A hearing was held on Landry's motion to compel on February 9,

---

[1]The trial court's minutes reflect that Comeaux and his attorney waived their appearance at the December 5, 2005 hearing.

2006. At said hearing, the trial court found that Comeaux had, in fact, violated the trial court's December 5, 2005 order. At the hearing, the trial court stated:

> I hung my hat on three (3) things. One, the lack of statements for any month other than October, and months other than October and December. So that meant November was missing. It should have been provided before we got here today. And the other thing, there's two (2) checks that were paid into a money market account and no accounts were given in that account and no records for that account. Those two (2) accounts or that one (1) account, whatever it was.

The trial court's judgment, signed on June 19, 2006, ordered Comeaux to produce specific financial data within 10 days of its signing. In addition, the trial court found Comeaux "to be in violation of the Court's order herein[,]" and Comeaux was "sanctioned in the amount of $500.00 for his failure to produce the materials ordered herein, said sanctioning fine to be paid to the plaintiff herein, [Landry]." It is from this judgment that Comeaux suspensively appeals.

## ASSIGNMENTS OF ERROR

Comeaux now appeals, asserting two assignments of error:

1. The trial court erred in ruling that Phillip Comeaux, II, was in contempt of court because he fully complied with the court order of December 5, 2005 by producing all requested discovery *that he had in his possession*.

2. The trial court erred in ruling that Phillip Comeaux, II, was in contempt of court because the order made by the court was not lawful in that it allows the Plaintiff to circumvent mandatory obligations imposed by statutory law.

## LAW AND DISCUSSION

"The trial court has much discretion in imposing sanctions for failure to comply with discovery orders, and its ruling should not be reversed absent an abuse of discretion." *Hutchinson v. Westport Ins. Co.*, 04-1592, p. 2 (La. 11/08/04), 886 So.2d 438, 440 (*citing Lirette v. Babin Farms, Inc.*, 02-1402 (La.App. 1 Cir. 4/2/03), 843

3

So.2d 1141; *Garza v. Int'l. Maint. Corp.*, 97-317 (La.App. 3 Cir. 10/29/97), 702 So.2d 1021).

Comeaux contends that he complied with the trial court's December 5, 2005 order. Comeaux also contends that on December 12, 2005, he sent Landry an affidavit and all copies of any and all statements that were in his possession at that time. Then, on February 3, 2006, Comeaux sent Landry an affidavit and a bank statement for the interim period between December 12, 2005 and February 3, 2006. In his brief, Comeaux maintains that he "fully complied with the [o]rder to [c]ompel [p]roduction of [d]ocuments because he produced all required documents *within his possession*" (emphasis added). Further, he contends that the trial court's "ruling of contempt and the accompanying $500[.00] penalty levied against [him] were manifestly erroneous." Comeaux urges that La.Code Civ.P. art. 1461[2] supports his assertion that he may only be required to produce documents that he has in his possession. Comeaux also cites La.Code Civ.P. art. 1469.2[3] in arguing that any order

---

[2]Louisiana Code of Civil Procedure Article 1461 provides, in pertinent part:

Any party may serve on any other party a request (1) to produce and permit the party making the request, or someone acting on his behalf, to inspect and copy any designated documents including writings . . . from which information can be obtained, translated, if necessary, by the respondent through detection devices into reasonably usable form, or to inspect and copy, test, or sample any tangible things which constitute or contain matters within the scope of Articles 1422 through 1425 and which are in the possession, custody, or control of the party upon whom the request is served. . . .

[3]Louisiana Code of Civil Procedure Article 1469.2, provides:

An order or subpoena duces tecum compelling the production of records of a bank, a savings and loan association, a company issuing credit cards, or a business offering credit relating to the financial or credit information of its customers, whether pursuant to Articles 1421 through 1474, Articles 2451, et seq., or otherwise, shall not be enforceable, unless the person seeking production of such records has complied with the provisions of R.S. 9:3571 or R.S. 6:333, as applicable, requiring that a copy of the subpoena or order also be served on the person whose records are being sought.

compelling the production of bank records is not enforceable unless the requirements of La.R.S. 6:333 have been met.

Landry contends that the trial court did not order Comeaux to subpoena his own bank records; instead, the trial court ordered Comeaux to obtain copies of bank statements that were easily within his "possession, custody and control" as set forth by La.Code Civ.P. art. 1461.

Louisiana Code of Civil Procedure Article 1471 provides for sanctions when a party fails to comply with a court's order to "provide or permit discovery." Comeaux did not argue the legality of the trial court's December 5, 2005 order until the hearing on February 9, 2006. In fact, our review of the transcript from the February 9, 2006 hearing reveals a vague argument by Comeaux's counsel that:

> [W]e've asked [Comeaux] to come in and give us information about all the accounts that [Landry's attorney] is requesting. He's provided us everything that he has in his possession. The affidavit states that. That's all he has. We have nothing else to give [Landry's attorney]. [Landry's attorney] has taken Mr. Comeaux's deposition. He is a well experienced trial attorney, he's well aware of all the discovery tools he has available, he's used them throughout this case. He has the information, the account information, where the accounts have been, where they were held. He can subpoena those documents if he wishes and he's known that for quite some time now.
>
> Other than that I want to tell you, Judge, we've provided him with everything Mr. Comeaux has. And it's not a simple matter of just going to the bank and saying, "Hey, can you go and get this for me." We've provided [Landry's attorney] a list, a detailed list of settlement funds that he complains about constantly, where that money was spent, where it went, how much our client got. It's getting to the point of being ridiculous now.

A more elaborate argument of the legality of the trial court's order issued December 5, 2005 does not appear in the record of these proceedings until Comeaux's appellate brief. We find this argument to be untimely made. Comeaux's arguments that (1) he could not produce documents that were not in his possession,

5

as per La.Code Civ.P. art. 1461, and (2) La.Code Civ.P. art. 1469.2 is not enforceable unless the requirements of La.R.S. 6:333 have been met may have had merit had Comeaux appealed the December 5, 2005 trial court order. However, the matter before this court is an appeal of the trial court's February 9, 2006 judgment finding Comeaux in contempt of court for his failure to produce certain financial documents, not a review or appeal by Comeaux of the legality of the trial court's December 5, 2005 order.[4]

Based on Comeaux's assignments of error, our review of this matter is restricted to the issue of whether the trial court abused its discretion in finding Comeaux in contempt of court and imposing sanctions against him for his failure to comply with the trial court's December 5, 2005 discovery order. The trial court's authority to impose sanctions against Comeaux is found in La.Code Civ.P. art. 1469 and La.Code Civ.P. art. 1471.

Louisiana Code of Civil Procedure Article 1469 (emphasis added) provides, in pertinent part:

> A party, upon reasonable notice to other parties and all persons affected thereby, may apply for an order compelling discovery as follows:
>
> . . . .
>
> (2) If a deponent fails to answer a question propounded or submitted under Articles 1437 or 1448, or a corporation or other entity fails to make a designation under Articles 1442 or 1448, or a party fails

---

[4]Though we find it untimely made, Comeaux's argument that the trial court's December 5, 2005 order is not enforceable because the provisions of La.Code Civ.P. art. 1469.2 and La.R.S. 6:333 were not met is also inapplicable. Louisiana Code of Civil Procedure Article 1469.2 pertains to "[a]n order or subpoena duces tecum compelling the production of records of a bank . . . ." In this matter, the trial court did not order Landry to subpoena Comeaux's bank records. Instead, Comeaux was ordered to produce financial statements which were generated from his accounts. Ironically, the same financial information would have been relevant to Comeaux's motion to decrease child support; therefore, it would have been in Comeaux's best interest to produce said financial information in support of his motion.

6

to answer an interrogatory submitted under Article 1457, or if a party, in response to a request for inspection submitted under Article 1461, fails to respond that inspection will be permitted as requested or fails to permit inspection as requested, the discovering party may move for an order compelling an answer, or a designation, or an order compelling inspection in accordance with the request. When taking a deposition on oral examination, the proponent of the question may complete or adjourn the examination before he applies for an order.

If the court denies the motion in whole or in part, it may make such protective order as it would have been empowered to make on a motion made pursuant to Article 1426.

(3) *For purposes of this Subdivision an evasive or incomplete answer is to be treated as a failure to answer.*

(4) *If the motion is granted, the court shall, after opportunity for hearing, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in obtaining the order, including attorney's fees, unless the court finds that the opposition to the motion was substantially justified or that other circumstances make an award of expenses unjust.*

If the motion is denied, the court shall, after opportunity for hearing, require the moving party or the attorney advising the motion or both of them to pay to the party or deponent who opposed the motion the reasonable expenses incurred in opposing the motion, including attorney's fees, unless the court finds that the making of the motion was substantially justified or that other circumstances make an award of expenses unjust.

If the motion is granted in part and denied in part, the court may apportion the reasonable expenses incurred in relation to the motion among the parties and persons in a just manner.

. . . .

Louisiana Code of Civil Procedure Article 1471 (emphasis added) provides, in pertinent part:

If a party . . . fails to obey an order to provide or permit discovery, including an order made under Article 1469 or Article 1464, the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:

(1) An order that the matters regarding which the order was made

7

or any other designated facts shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order.

(2) An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting him from introducing designated matters in evidence.

(3) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party.

(4) *In lieu of any of the foregoing orders or in addition thereto, an order treating as a contempt of court the failure to obey any orders* except an order to submit to a physical or mental examination.

. . . .

*In lieu of any of the foregoing orders or in addition thereto, the court shall require the party failing to obey the order or the attorney advising him or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.*

Comeaux was ordered by the trial court to produce "all monthly bank statements that have been generated . . . ." Comeaux argues this interpretation of the court's order meant that he was in compliance if he produced the documents that were "within his possession." He asserts he did. We are not swayed by Comeaux's argument that because he does not have these documents in his custody or control, the trial court erred by finding him in contempt of court. Louisiana Civil Code Article 1461 grants a party the authority to request documents "which are in the possession, custody, or control of the party upon whom the request is served." It was within Comeaux's control to obtain and produce copies of his financial statements to Landry. Whether Comeaux has actual possession of these financial documents is of no consequence to this court. What is pertinent is that Comeaux could have easily

8

requested and obtained copies of any and all of said documents from his banking or financial institution(s). This financial information would have aided him both in defense of the motion to increase and in support of his own motion to decrease. Again, Comeaux made no such request. His failure was unequivocally non-compliant with what he was ordered to do by the trial court's December 5, 2005 order. Thus, we find no abuse in the trial court's vast discretion in imposing the contempt sanction of $500.00 against Comeaux for his failure to comply with its December 5, 2005 discovery order. The trial court's judgment from the February 9, 2006 hearing, signed on June 19, 2006, is therefore affirmed.

This court notes that Landry, in her brief, makes a request for sanctions against Comeaux "given the frivolous nature of this writ application." Said request was again made at oral argument. However, Landry did not answer this appeal, and, consequently, that issue is not properly before this court. *See* La.Code Civ.P. art. 2133; *Roberts v. Robicheaux*, 04-1405 (La.App. 3 Cir. 3/2/05), 896 So.2d 1232, *writ denied*, 05-792 (La. 5/13/05), 902 So.2d 1021.

**DECREE**

For the foregoing reasons, we affirm the trial court judgment finding Comeaux in contempt of court and imposing the $500.00 sanction upon him. Defendant-Appellant, Phillip Larvin Comeaux, II, is assessed with all costs of this appeal.

**AFFIRMED.**

9